In the Matter of the Claim of MAYBELLE BURNETTE, Appellant, *v.* DORIS SCHREVE, Doing Business as SCHREVE'S POULTRY FARM, et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, May 12, 1970.

*Lipsitz, Green, Fahringer, Roll, Schuller & James* (*James W. Kirkpatrick* of counsel), for appellant.

*Adams, Brown, Starret & Maloney* (*Arthur J. Maloney* of counsel), for Doris Schreve and another, respondents.

HERLIHY, P. J. This is an appeal by the claimant from a decision of the Workmen's Compensation Board, filed February 14, 1969, which denied death benefits upon the ground of no dependency.

The decedent, William Burnette, was a 14-year-old boy who died as the result of an accident which occurred in the course of his employment with Schreve's Poultry Farm. The fact of a compensable accident was not disputed, but the board found that the claimant had not established any dependency by the decedent's parents or eight minor brothers and sisters.

The board recites the testimony that the decedent turned over whatever he earned to his mother and that he was earning $40 per week at the time of his death and then found: " Based on the evidence, the Board finds that the decedent's parents and minor brothers and sisters were not dependent upon the decedent's contributions. Accordingly, the Referee finding of no dependency of the decedent's parents and minor brothers and sisters is affirmed ".

The problem with which we are concerned is that the board made no expressed findings as to credibility nor did it actually determine the family expenses or the size, if any, of decedent's contributions. The record discloses that possibly there was a question of credibility as to whether or not the decedent turned his earnings over to his mother for general family support, but the board made no findings in regard thereto.

The board has been advised in the past that in the absence of clear evidentiary support for its conclusions on issues of dependency, a conclusory finding thereon cannot be upheld without the necessary findings upon which its ultimate conclusion was predicated. (See *Matter of O'Brien* v. *Alexander Dept. Stores*, 24 A D 2d 690.) The inclination of the board to state only its ultimate factual determination in rendering decisions also led to a reversal in the recent case of *Matter of Parker* v. *Waring Investigation Serv.* (30 A D 2d 734, 735). The board has not relied upon any legal principles to support its conclusion of no dependency.

The respondents on this appeal in support of the board's decision argue the issue of welfare benefit payments in determining the amount of the family budget. The board in its deci-

sion noted such payments in the amount of $2,500 per year, but the Referee made no mention of such subsidization.

Whether such public funds should be considered in determining the question of family budgets, family support and dependency in workmen's compensation cases is an issue of import (cf. *Matter of Thompson* v. *Thomashoff Press*, 31 A D 2d 848).

The Workmen's Compensation Board is not represented on this appeal, but in any event such issue should in the first instance be resolved at the board level.

Either affirmance or reversal of the present decision upon the merits would require this court to weigh the evidence and/or speculate as to the basis for the decision, and such is not our function upon review of the decisions by the Workmen's Compensation Board.

The decision should be reversed, without costs, and matter remitted to the Workmen's Compensation Board.

REYNOLDS, STALEY, JR., GREENBLOTT and COOKE, JJ., concur.

Decision reversed, without costs, and matter remitted to the Workmen's Compensation Board.