Gibson, J.
The record affords substantial evidentiary support for the board’s finding of a prolonged state of anxiety and tension and an overwrought emotional condition which, with the precipitant effects of the emotional episodes of April 8,1968 anfi December 4, 1968, reacting upon claimant’s underlying diabetic condition, caused the accidental injuries and disability claimed. The board was thus warranted in finding industrial accident in the breakage of blood vessels and the ensuing hemorrhages (Matter of Sawatzki v. Friedman, 4 A D 2d 907, mot. for lv. to app. den. 3 N Y 2d 710; Matter of Kayser v. Erie County Highway Dept., 276 App. Div. 789), occurring on the work premises from work-connected causas, whether the accident be attributed to excessive . emotional stress over a period of months, as the board found (Matter of Klimas v. Trans Caribbean Airways, 10 N Y 2d 209; Matter of Schechter v. State Ins. Fund, 6 N Y 2d 506), or to the specific precipitants also found (Matter of Greensmith v. Franklin Nat. Bank, 21 A D 2d 576, affd. 16 N Y 2d 973) or to both causes, as the board concluded.
The medical diagnoses were not dependent upon the history of a “ heated discussion ”, as held below. The treating ophthalmologist testified to causation without reference to any such history and neither the impartial specialist’s report nor his testimony assumed such a fact. Additionally, the treating ophthalmologist related the disability to the second episode of confrontation as well as to the first and, further, testified that, either was sufficient to cause the hemorrhages and the resultant disability.
The order should be reversed, with costs to the Workmen’s Compensation Board, and the award of the Workmen’s Compensation Board reinstated.
Chief Judge Ftjld and Judges Burke, Bergan and Breitel concur with Judge Gibson; Judge Jasen concurs on constraint *287 of Matter of Klimas v. Trans Carribean Airways (10 N Y 2d 209); Judge Scilbppi dissents and votes to affirm.
Order reversed, etc.