John T. Casey, J.
A prior motion in this article 78 proceeding was made by the respondent, the Superintendent of the New York State Police, to dismiss the petition in point of law prior to service of an answer. At that time the court (Mr. Justice Cobb) decided that the failure of the petitioner to attend a disciplinary hearing on August 11, 1976 did not ipso facto waive his right to the disciplinary hearing to which he was entitled as a permanently ranked sergeant and, therefore, the dismissal motion was denied. Subsequently, the respondent answered the petition and now moves before me for summary judgment and to dismiss the petition for the same reasons, i.e., that the petitioner’s failure to appear for the *502 hearing permitted the Superintendent of the New York State Police under the authority of his rules and regulations (9 NYCRR 479.9) to make findings and impose appropriate disciplinary penalties which in this case constituted the petitioner’s dismissal from service.
On June 12, 1976 the petitioner was served personally with charges and specifications which included a notice that the superintendent was empowered to make findings and impose penalties at the hearing. By letter dated June 16, 1976 the petitioner through his attorney denied the charges and requested a hearing. The hearing was scheduled for June 29, 1976. One day before that date, an adjournment was requested by petitioner’s attorney and the hearing was rescheduled for July 8, 1976. On July 6, upon request of petitioner’s attorney, the hearing was again rescheduled to July 14, 1976. Before this date the petitioner filed a doctor’s affidavit indicating that an exacerbation of back pain prevented his scheduled appearance. The hearing was then set down for August 11, 1976 and the respondent claims that no notification of any further adjournment was received and that on August 11, 1976 the petitioner and his attorney failed to appear. The petitioner claims a letter was written prior to that date again informing the respondent of the impossibility of his appearance. In any event, when the petitioner failed to appear, the attorney for the division informed the hearing board of the number of times the hearing was scheduled and of the petitioner’s failure to appear and the matter was referred to the superintendent pursuant to 9 NYCRR 479.9 to make findings and impose a penalty which herein resulted in petitioner’s dismissal.
Subdivision 3 of section 215 of the Executive Law mandates a hearing for the removal of permanent New York State Police appointees. To this statutory directive the regulation of the superintendent (9 NYCRR 479.9) must conform. To harmonize the statute and the regulation a distinction must be drawn herein between a waiver of the hearing itself and a waiver of the petitioner’s appearance at the hearing. When a permanent appointee is entitled to a hearing on notice, a hearing must be held, whether the appointee appears or not. By failing to attend, the petitioner does not waive the hearing but only his appearance thereat. His default alone cannot be the basis for the imposition of disciplinary action anymore than a defendant who fails to appear at a criminal trial can be convicted without requiring the prosecution to adduce proof *503 of the crime charged against him in his absence. The reason is that the proof adduced at the hearing, regardless of the petitioner’s presence, is an indispensable basis for whatever administrative action is taken against him. Findings on grounds in support of a dismissal decision are necessary for any judicial review. (See Matter of Carroll v Ryan, 25 AD2d 562.) Without such evidentiary findings the determination is automatically arbitrary and capricious and cannot be sustained.
In the instant case, therefore, the testimony of the witnesses who were all present on August 11, 1976 should have been taken without the attendance of the petitioner, if he failed or neglected to appear. Then the administrative determination could be judged on a factual basis, and the question of the excusability of the petitioner’s default determined subsequently by Special Term. Without any hearing at all having been held, however, the whole proceeding is a nullity. Since this is so, a new hearing must be scheduled and in view of the dispute that exists concerning whether or not the petitioner’s appearance was excusable he should be given notice of the time and place of the new hearing.
The respondent’s motion is denied and the petition granted to the extent indicated herein.