■ In the Matter of the Claim of FRANK BURNS et al., as Parents and Natural Guardians of RICKY BURNS, Deceased, Respondents, and RICHARD B. BRABAW, Appellant, v ROBERT MILLER CONSTRUCTION, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed February 11, 1976, which denied compensation benefits to appellant. On November 2, 1971, the decedent, 20 years of age, died as a result of an accident which arose out of and in the course of his employment. Subsequently, on October 26, 1972, one Sandra Brabaw filed a claim on behalf of her son, the appellant herein, in which it was alleged that the appellant was a posthumously born illegitimate child of the decedent and, consequently, entitled to death benefits. In the decision appealed from, the board rejected this claim, after finding that the appellant was not an "acknowledged illegitimate child dependent upon the deceased" (see Workmen's Compensation Law, § 2, subd 11), and instead found that the decedent's parents were dependent upon him and entitled to a death award. This appeal followed. We hold that this matter must be remitted to the board. In its decision the board merely summarizes the testimony taken at the various hearings and then concludes that the decedent's parents and not the appellant are entitled to benefits. No findings of fact are set forth therein as the basis for its conclusion, and we are left to speculate as to why the appellant was denied an award. In this regard, it remains unclear, for example, whether said denial was grounded upon a determination that the appellant was not the decedent's child, that he was not acknowledged by the decedent or that he was not dependent upon decedent. Such being the case, an intelligent review of the board's decision is precluded, and the matter must be remitted for further clarification *(Matter of Mennis v Amendes Co.,* 56 AD2d 679; *Matter of Burnette v Schreve,* 34 AD2d 186). Decision reversed, with costs to appellant against the Workmen's Compensation Board, and matter remitted for additional

findings in clarification of the decision or for other proceedings not inconsistent herewith. Mahoney, P. J., Kane, Main, Larkin and Mikoll, JJ., concur.