■ In the Matter of the Claim of LILLIAN LOH LIN, Appellant, v BURROUGHS CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed November 29, 1978. The primary issue on this appeal is whether substantial evidence supports the board's decision that claimant did not sustain an accidental injury within the meaning of the Workers' Compensation Law. In disallowing her claim, the board found that "claimant's job aggravation was the aggravation normally experienced in the usual give and take of employment." We conclude that its decision should be affirmed. Hired in 1965, claimant worked as a data analyst and control clerk in her

employer's marketing personnel section. She allegedly became psychologically disabled as the result of a series of job-related incidents which began in mid-1975 and culminated in a leave of absence on January 6, 1976. Issues concerning the nature of her condition and whether it was causally related to claimant's employment were not examined in detail at the hearing on her claim. Instead, the inquiry focused on the preliminary question of whether any accidental injury had occurred on which an award might be predicated. Several witnesses testified and numerous exhibits were introduced, producing a voluminous record on this narrow subject. As might be expected, various controversies arose in portraying claimant's work experiences. The board's decision summarized this evidence at length and, after stating it credited the testimony of three of claimant's coemployees, made the finding noted above. At the outset, we reject claimant's argument that the board failed to make adequate factual findings, thus precluding intelligent judicial review. Many of the supposed testimonial conflicts involving her activities and surroundings over a six-month period were illusory; others were undoubtedly occasioned by faulty memories, and still others, even when credibility was truly at stake, were not relevant to a proper appreciation of the issue presented. Accordingly, it was not necessary that the board specifically resolve all of the minute factual contradictions developed in this record. Unlike *Matter of Burns v Miller Constr.* (62 AD2d 1114) and *Matter of Burnette v Schreve* (34 AD2d 186), we do not have to engage in speculation or weigh the evidence to determine the reasons for or the basis of the board's ultimate conclusion since it is plainly founded on the cumulative testimony of three coemployees. From their accounts, it appears that claimant encountered difficulties in adapting to office associates and routines. Whereas she had previously been responsible for the preparation of statistical reports, the hiring of new personnel and the employer's desire to computerize certain operations disrupted her former practices. Psychic trauma on the job which produces psychological injury is now compensable *(Matter of Wolfe v Sibley, Lindsay & Curr Co.,* 36 NY2d 505), and it has long been recognized that undue or excessive work-related stress and anxiety may constitute an accident *(Matter of Snyder v New York State Comm. for Human Rights,* 31 NY2d 284; *Matter of Klimas v Trans Carribean Airways,* 10 NY2d 209). Nevertheless, it was for the board to say whether claimant's experience was accidental in nature. Since the description of the changes given by her coworkers revealed that they were implemented gradually, did not create any significant increase in required effort, and were shared by all in claimant's section, there is ample evidentiary support for the board's finding that she did not sustain an accidental injury. Decision affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Casey, JJ., concur.