■ In the Matter of JOHN D. FOGARTY, Petitioner, v WILLIAM G. CONNELIE, as Superintendent of the New York State Police, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which dismissed petitioner from his employment as a sergeant in the New York State Police. A licensed firearms dealer from 1966 to January 1, 1976, petitioner was a sergeant in the New York State Police and for 17 years had been a member of the New York State Police when, in June of 1976, three disciplinary charges were brought against him. Only the first of the charges is at issue here because petitioner was not found guilty of the remaining charges, and in the pertinent charge it is generally alleged that petitioner knowingly violated the Penal Law, the Vehicle and Traffic Law and also the Instructions of the Division of State Police, in violation of section 8.44 of the Regulations of the Division of State Police. Basically, the subject charge consists of 24 specifications that petitioner was guilty of improper reporting and record keeping relative to various firearms transactions in violation of subdivision 7 of section 265.10 and subdivision 12 of section 400.00 of the Penal Law and section 57.17 of the Instructions of the Division of State Police, and three specifications that he operated a motor vehicle on public highways while the vehicle was improperly registered, equipped with improper plates and without an inspection sticker in violation of subdivision (b) of section 306, section 401 (subd 1, par a) and subdivision 4 of section 402 of the Vehicle and Traffic Law. Originally, after a hearing on this matter had been postponed several times, respondent sustained the charges against petitioner and dismissed him without a hearing, but this action was annulled in an order which directed that a hearing be conducted (see *Matter of Fogarty v Connelie,* 91 Misc 2d 501). Thereafter, the required hearing was held before a three-member board (see 9 NYCRR 479.7), which found petitioner guilty of all three of the alleged vehicle and traffic violations and of 21 of the 24 alleged violations relating to the recording and reporting of firearms transactions, and as punishment the board recommended petitioner's dismissal from the State Police. Basing his decision upon his alleged acceptance of the board's findings and conclusions, respondent then found petitioner guilty of all of

the specifications in the charge and directed his dismissal. This proceeding followed. We hold that respondent's determination must be annulled. In so ruling, we initially find that respondent plainly erred insofar as he found that petitioner had violated subdivision 7 of section 265.10 of the Penal Law. During the times when the firearms transactions in question here allegedly occurred, petitioner was a licensed firearms dealer, and, consequently, by its express terms the subject statutory subdivision was clearly inapplicable to him. Similarly, petitioner could not possibly have violated section 57.17 of the Instructions of the Division of the State Police by his alleged failure to report the sales of certain weapons. This section provides in pertinent part that: "Members must inform Division Headquarters of the make, caliber, model and serial number of all personally-owned firearms, including hand-guns, rifles and shotguns. Loss of any personally owned firearm must be reported to Division Headquarters." As is readily apparent from this quotation, this section required only that petitioner inform the division of firearms which he personally owned and of his loss of any such firearms, and nothing in the language of the section could reasonably be construed to require that petitioner also report his sale of personally owned firearms. Moreover, it is most significant that this construction will not result in sales of firearms for which there is no record because such sales would either have to be reported under subdivision 7 of section 265.10 of the Penal Law or recorded under subdivision 12 of section 400.00 of the Penal Law. With regard to the remaining allegations of violations against petitioner, respondent's findings thereon likewise cannot be sustained. A comparison of respondent's decision and that of the hearing board establishes that the two determinations are inconsistent in that respondent, but not the board, found petitioner guilty of all the specifications in the first charge. That being so and, as noted above, respondent having explicitly adopted and based his decision upon the findings and conclusions of the board, it seems apparent that respondent's review of this matter was certainly less than thorough, if not cavalier. Furthermore, in making their respective determinations, neither respondent nor the hearing board anywhere adequately stated the reasons for their determinations or indicated the evidence upon which they respectively relied in reaching their decisions. Under these circumstances, not only is intelligent review of respondent's determination by this court precluded (cf. *Matter of Burns v Miller Constr.,* 62 AD2d 1114), but such determination denies petitioner his constitutional right to due process of law *(Goldberg v Kelly,* 397 US 254). Determination annulled, without costs. Sweeney, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.