■ In the Matter of the Claim of SARA BLACK, Respondent, v METROPOLITAN TOBACCO et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Kane, J. Appeal from a decision of the Workers' Compensation Board, filed February 5, 1986, which ruled that claimant's decedent sustained an accidental injury in the course of his employment and awarded benefits.

Claimant's decedent, age 63, was employed as a salesman for Metropolitan Tobacco. On January 4, 1979, he was advised by his employer that his position was being abolished as of March 1, 1979 and was requested to attend a meeting at his employer's office the following day to discuss retirement on Social Security and the possibility of some type of part-time employment. Having received a raise on January 1, 1979, the notice of loss of employment left decedent "quite distraught" to the extent that "he felt his world was coming to an end".

The following afternoon he was found dead in his automobile approximately two blocks from the place of his employment. The death certificate indicated he died of hypertensive cardiovascular disease. There is medical evidence in the record that the stress of being told the previous day that he was losing his job, superimposed on his preexisting hypertension, was sufficient to produce, in this decedent, the fatal heart attack.

It is conceded that decedent's death occurred in the course of his employment. The only issue is whether there is substantial evidence to support a finding that the fatal heart attack suffered by claimant's decedent was an accident within the meaning of the Workers' Compensation Law. We think not. A legitimate decision or action on the part of an employer affecting an employee's employment status which precipitates a cardiac event caused by the emotional stress sustained by the employee when confronted with that decision does not constitute an industrial accident (Matter of Millar v Town of Newburgh, 43 AD2d 641). Loss of employment is, in most every instance, a traumatic event, but, as an event, it must be distinguished from those unusual work-related stress and anxiety circumstances which, founded upon "the common-sense viewpoint of the average man", have been held to be an "accident" (Matter of Klimas v Trans Caribbean Airways, 10 NY2d 209, 216; see, Matter of Snyder v New York State Commn. for Human Rights, 31 NY2d 284).

The circumstances of this case are distinguishable from those found in decisions of this court and the Court of Appeals where the emotional distress possessed a nexus directly connected to a work-related activity (Matter of Gates v McBride Transp., 60 NY2d 670; Matter of Padilla v New York City Bd. of Educ., 127 AD2d 957; Matter of Haydel v Sears, Roebuck & Co., 106 AD2d 759). Lacking the requisite substantial evidence to sustain a finding of "accident" within the meaning of the Workers' Compensation Law, the claim must be dismissed.

Decision reversed, without costs, and claim dismissed. Mahoney, P. J., Kane, Weiss and Levine, JJ., concur.

Casey, J., dissents and votes to affirm in a memorandum.
Casey, J. (dissenting). There is substantial evidence in the record to support the factual findings of the Workers' Compensation Board and, therefore, on constraint of Matter of Gates v McBride Transp. (60 NY2d 670), the Board's decision must be affirmed.