## (November 21, 1962)

■ In the Matter of the Claim of MARJORIE DRACH, Respondent. BUFFALO CHINA, INC., Appellant; MARTIN P. CATHERWOOD, Industrial Commissioner, Respondent.— The employer appeals from a decision of the Unemployment Insurance Appeal Board holding that claimant was eligible for benefits effective June 22, 1959, without disqualification. Claimant, a very nervous person, had previously worked for the employer. She was the victim of considerable horseplay and practical jokes by her coemployees. This caused her nervous condition to become worse and she became disabled and had to leave her employment. Prior to June 22, 1959, claimant's doctor had advised her that she could resume employment but that she should not return to her old employment with this employer because it was detrimental to her health. Claimant refused an offer of re-employment by this employer. The board has held that this refusal was for good cause, and that claimant was available for employment generally. She looked for and obtained other employment on August 10, 1959. The board's decision was a factual one, wtih substantial evidence to support it. Decision unanimously affirmed, with costs to claimant-respondent. Present — Bergan, P. J., Coon, Herlihy, Reynolds and Taylor, JJ.

■ In the Matter of the Claim of SAMUEL STRAWS, Appellant, v. MARTIN L. FAIL, Doing Business as DUNBAR BILLIARDS, et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by claimant from a non-unanimous decision of the Workmen's Compensation Board disallowing the claim. On October 7, 1958 claimant, a porter in a billiard parlor, was directed by his employer to accompany a stricken coemployee and friend to a hospital in a taxicab. En route the coemployee collapsed and expired in claimant's arms. According to claimant's evidence emotional strain or stress incident to the occurrence initiated a psychoneurosis characterized by headaches, dizziness, weakness, pain, nausea and insomnia symptomatic of the mental condition which caused a year-long psychological disablement. There was conflicting medical evidence as to the duration of the disability and of its relation to the experience. As the basis for its finding that claimant did not sustain an accidental injury within the purview of the Workmen's Compensation Law, the board in effect adopted the factual posture for which he contended and absent a showing of physical injury conceived itself bound as a matter of law by the principles governing compensability announced for the first time in *Matter of Chernin* v. *Progress Serv. Co.* (9 A D 2d 170, affd. 9 N Y 2d 880). There we held that a mental injury precipitated by a mental cause provided no basis for an award of disability benefits. We perceive no reason to disturb the finding of the board. Decision unanimously affirmed, without costs. Present — Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ.