537 A.2d 75

George Sibrava, Petitioner *v.* Workmen's Compensation Appeal Board (Trans World Airlines), Respondents.

Argued October 6, 1987, before President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

*Edward Jaffee Abes, Edward Jaffee Abes & Associates, P.C.,* for petitioner.

*Michael D. Sherman, Fried, Kane, Walters & Zuschlag,* for respondents.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., February 5, 1988:

George Sibrava appeals a Workmen's Compensation Appeal Board order denying benefits based on a psychiatric disability. We affirm.

Sibrava, an airline load control employee for twenty years, was responsible for calculating and maintaining the proper weight and balance of aircraft prior to take-off. He began to experience symptoms of nervousness and difficulty of concentration which culminated in a fainting spell as he arrived one day at work. After a two-week hospitalization, he returned to work at another position. However, upon resuming his former job duties, his symptoms recurred, and he required hospitalization again.

His condition was diagnosed as a depressive reaction, passive-aggressive personality with a secondary diagnosis of essential hypertension. The referee denied benefits, finding that Sibrava's psychiatric disability was a subjective reaction to a normal working condition. The Board affirmed.

Our scope of review is limited to determining whether there was an error of law or whether a finding of fact was unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

Sibrava initially challenges the strict standard of proof applied to psychiatric disability cases as established in *Thomas v. Workmen's Compensation Appeal Board,* 55 Pa. Commonwealth Ct. 449, 423 A.2d 784 (1980). In *Thomas,* we noted the highly subjective nature of psychiatric injuries and required that "the oc-

currence of the injury and its cause must be adequately *pinpointed.*" *Id.* at 455, 423 A.2d at 787 (emphasis added). Further, we declined to "hold that evidence of an employee's *subjective* reaction to being at work and being exposed to *normal* working conditions is an injury under the Act." *Id.* at 456, 423 A.2d at 788 (emphasis added). *See also Hirschberg v. Workmen's Compensation Appeal Board (Department of Transportation),* 81 Pa. Commonwealth Ct. 579, 474 A.2d 82 (1984).

Sibrava contends that these additional evidentiary and substantive requirements are contrary to statutory requirements of compensability and legislative intent. He maintains that the advanced state of psychiatry alleviates the need for a heightened standard and points to other subjective symptoms such as pain where a higher standard is generally not applicable. Sibrava argues that, as referees gain familiarity with psychiatric disabilities, they will become better able to assess credibility and weed out frivolous or fraudulent claims.

While we acknowledge the heightened burden of proof developed by this Court in *Thomas* and its progeny, we retain our conviction that this standard is justified in light of the inexact and subjective nature of psychological disorders.

Significantly, work-related stress resulting in *physical* disability or death has been found to be compensable in several instances. In *Krawchuk v. Philadelphia Electric Co.,* 497 Pa. 115, 439 A.2d 627 (1981), relied upon by Sibrava, our Supreme Court held that the 1972 amendments to The Pennsylvania Workmen's Compensation Act[1] clearly manifested a legislative intent to expand workmen's compensation coverage to stress-related heart attack victims. Recently, in *McCoy v. Workmen's Compensation Appeal Board (McCoy Cater-*

---

[1] Act of June 2, 1915, P.L. 736; *as amended,* 77 P.S. §411.

*ing Services, Inc.),* 102 Pa. Commonwealth Ct. 436, 518 A.2d 883 (1986), this Court adopted a causation test to determine the compensability of work-related suicide. In *McCoy,* the majority held that stress resulting predominantly from employment functions, rather than more generally derived stress, is necessary to establish a compensable suicide.

In addition, post-traumatic psychological disabilities brought about by work-related physical injuries have also been found compensable. *Dill Products v. Workmen's Compensation Appeal Board,* 42 Pa. Commonwealth Ct. 563, 401 A.2d 409 (1979); *Chamberlain Manufacturing Corp. v. Workmen's Compensation Appeal Board,* 46 Pa. Commonwealth Ct. 225, 405 A.2d 1375 (1979). A brief review of the case law reveals that where work-related psychological disability is associated with physical injury, the claimant essentially needs only to prove the basic requirements of workmen's compensation eligibility—that the injury arose in the course of employment and was related thereto.[2]

Psychological disabilities, which often manifest unobservable symptoms, create more difficult problems of proof. While this Court has embraced the view that work-related psychiatric disability alone can be compensable, the practical difficulties in ˙evaluating the merit of such claims˙ have led this Court to adopt the additional evidentiary safeguards of pinpointing causa-

---

[2] One deviation from this general rule is where the causal relationship between disability and work-related injury is not obvious, such as might occur when job stress gradually affects a claimant's ability to perform job duties. In such an instance, the heightened evidentiary requirement of *unequivocal* medical evidence has been judicially imposed to provide a more reliable indication of the causal link. *See e.g., Bethlehem Steel Corp. v. Workmen's Compensation Appeal Board (Lombardi),* 70 Pa. Commonwealth Ct. 392, 453 A.2d 370 (1982) (heart attack).

tion and demonstrating objective perceptions of workplace events so as to provide more reliable bases for making factual determinations and to deter frivolous claims.[3]

With respect to the substantive requirement that there be an abnormal work condition triggering the psychological disturbance, we note that work stress is present in varying degrees in all walks of life. Many occupations are by their nature highly stressful. We believe, however, that to countenance the distribution of workmen's compensation benefits to all potential claimants who may succumb emotionally to the demands and circumstances of their otherwise normal employment would be to usher in a wide spectrum of compensability heretofore unenvisioned by the General Assembly. Although the Workmen's Compensation Act is remedial legislation to be liberally construed in order to effect its humanitarian purposes, we believe that the standard presently in place serves the Commonwealth's legitimate interest in determining frivolous and fraudulent claims and thereby maintains the financial and institutional integrity of the workmen's compensation system. Accordingly, we reaffirm the principles set forth in *Thomas* and its progeny.

Sibrava further contends that the referee capriciously disregarded[4] the uncontradicted testimony of the two

---

[3] In *Pate v. Workmen's Compensation Appeal Board (Boeing Vertol Co.)*, 104 Pa. Commonwealth Ct. 481, 522 A.2d 166 (1987), this Court rejected a constitutional challenge to the standards established in *Thomas*. We held that the requirement of pinpointing the objective cause of mental injury rationally related to the government's interest in discouraging meritless or fraudulent claims. The abnormal working condition was similarly justified.

[4] The capricious disregard standard was rejected by our Supreme Court in *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986). We interpret Sibrava's argument as contending that the referee's findings are not supported by substantial evidence.

experts, Dr. Eberle and Dr. Trellis, who testified on his behalf. We note, however, that the referee may discredit the testimony of any witness even though the testimony is uncontradicted. *Werner v. Workmen's Compensation Appeal Board (Bernardi Bros., Inc.)*, 102 Pa. Commonwealth Ct. 463, 518 A.2d 892 (1986). The referee's Findings of Fact Nos. 13 through 19[5] state explicit and precise reasons for his rejection of the opinions of Drs.

---

[5] The referee's relevant findings of fact were as follows:

13. Dr. Eberle did not state what tests, if any, he gave claimant.

14. Dr. Eberle did not make a differential diagnosis.

15. Dr. Eberle did not rule out malingering or any other cause, organic or nonorganic, by a careful physical examination, nor was he qualified to do so.

16. Dr. Eberle's testimony is rejected.

17. Dr. Trellis' psychiatric services to claimant began on April 18, 1979, and continued sporadically to about June 23, 1983. However, claimant submitted no evidence from Dr. Trellis prior to the remand ordered by the Workmen's Compensation Appeal Board.

18. Dr. Trellis relied to a great extent upon the conclusions of others that claimant's alleged psychiatric condition and/or disability was work related. He was unable to say when one of his diagnoses, depressive reaction, began; he could only guess. He relied upon the hospital records to a great extent for his opinion that claimant's depression was work-related. He further opined that the aging process played a part in claimant's present mental and physical conditions. Although claimant did well and 'came together relatively quickly' during his two hospitalizations, Dr. Trellis was unable to give an opinion as to the reason he seemed worse when he was not in the hospital. He further opined that the present trouble with claimant was not depression but a feeling of being overwhelmed by the job as claimant conceived it. Moreover, the doctor stated that he didn't think claimant was disabled by depression; but he thought that if he were to go back to that job he would become depressed and disabled.

19. Dr. Trellis' testimony is rejected.

Eberle and Trellis. As such, we conclude that the Board permissibly concluded that Sibrava did not meet his burden of proving a work-related psychiatric disability.

## ORDER

The order of the Workmen's Compensation Appeal Board, No. A-88170 dated April 9, 1986, is affirmed.