*81
 
 OPINION OF THE COURT
 

 Kaye, J.
 

 This appeal causes us to revisit a controversial subject in workers’ compensation law: the compensability of mental injuries caused by mental trauma, particularly mental injuries caused by witnessing another’s tragedy. As in
 
 Matter of Wolfe v Sibley, Lindsay & Curr Co.
 
 (36 NY2d 505), we conclude that claimant, by reason of her active participation in the tragedy she witnessed, suffered her own “accidental injuries” within the meaning of the Workers’ Compensation Law.
 

 For 12 years claimant, Rose Wood, was employed as a school bus driver by respondent Laidlaw Transit, Inc. On the morning of April 29, 1986, while driving a bus filled with kindergarten children on their way to school, claimant came upon a gruesome scene — an automobile accident in which two high school children, known to her, were killed. Claimant was the first to reach the scene, and observed the mangled figure of one of the young victims. Not wanting her charges to see the accident, yet feeling that she should not leave until help arrived, claimant remained at the scene but stayed on the bus with the children until she heard the approach of emergency assistance. She then proceeded on her route.
 

 Within weeks, claimant developed symptoms of a psychological disorder, including insomnia, nightmares, anorexia, depression and chest pains, culminating on June 12, 1986, in a near-miss collision with an automobile while again driving a bus filled with kindergarten children. As a result, claimant was hospitalized and treated for what was diagnosed as a posttraumatic stress disorder, making it impossible for her to return to work as a school bus driver.
 

 Claimant’s compensation claim was rejected by the Workers’ Compensation Law Judge but then sustained on appeal by the Workers’ Compensation Board. The Board referred in particular to the report of claimant’s treating physician, which described her symptoms as “survivor guilt” (guilt that she had not been able to do more for the accident victims) and concluded that claimant had suffered severe, classical symptoms of posttraumatic stress disorder caused by the April incident. The Appellate Division, however, reversed the award and dismissed the claim, holding that — while claimant’s disability arose out of and in the course of her employment — no accident had occurred within the meaning of the Workers’
 
 *82
 
 Compensation Law. We now reverse and reinstate the Board’s determination.
 

 No one disputes the governing legal standard: employers must provide compensation to their employees for their accidental injuries arising out of and in the course of employment (Workers’ Compensation Law § 2 [7]; § 10). Nor is there any quarrel as to causal relationship; in this case claimant’s injuries unquestionably arose out of and in the course of her employment. But not every job-related injury is compensable. Whether claimant suffered an accident, or “accidental injuries,” when she witnessed the events of April 29 is the center of the controversy here. While generally our review is limited to whether there was substantial evidence to support the Board’s determination (see,
 
 Matter of Black v Metropolitan Tobacco,
 
 71 NY2d 989), here the underlying question of the meaning of “accidental injuries” under the Workers’ Compensation Law is one of law for the courts.
 

 That same question was the focus of
 
 Wolfe,
 
 where this Court for the first time recognized that psychological injury precipitated by psychic trauma can be an accidental injury compensable to the same extent as a physical injury. Our law had previously allowed workers’ compensation claims both in instances where physical impact produced psychic trauma (physical-mental cases) and in instances where psychic trauma produced physical injury (mental-physical cases), but no claim had been sustained in the absence of some physical impact in either the causative event or the consequent injury
 
 (id.,
 
 at 509;
 
 see also,
 
 1B Larson, Workmen’s Compensation Law §§ 42.20-42.24). In recognizing claims for psychic injury precipitated by psychic trauma (mental-mental cases), we observed that nothing in the nature of a stress or shock situation ordains whether a particular individual will suffer physical injury or psychic injury.
 
 *
 
 Rather, the response — whether physical or mental — will depend on the individual’s makeup, a fortuity that we concluded should not dictate whether injuries are covered by workers’ compensation.
 

 While rejecting any talismanic effect of physical injury, in
 
 Wolfe
 
 we noted a policy argument that has been raised in the mental-mental cases. As the
 
 Wolfe
 
 respondents argued, absent the requirement of some physical manifestation the floodgates would open to compensation claims by emotionally fragile
 
 *83
 
 employees seeing injuries to others, with no rational way for employers to limit their liability
 
 (id.,
 
 at 511;
 
 see also,
 
 Cook, Workers’
 
 Compensation and Stress Claims: Remedial Intent and Restrictive Application,
 
 62 Notre Dame L Rev 879, 89& 898 [1987]).
 

 That fear proved groundless in
 
 Wolfe
 
 itself for, assuming the commonsense vantage point of the average person, it was plain that claimant was no mere bystander. She was an active participant in the events that precipitated her disability, in that she felt she could have prevented her supervisor’s suicide, his last communication was to her, and she discovered his lifeless body. Claimant thus was an integral part of the tragedy, not simply an observer unnerved by the sight of someone else’s injury, and it was therefore unnecessary for us to decide whether, and when, an uninvolved person in similar circumstances might be entitled to workers’ compensation.
 

 In the only other case of this nature to reach this Court in the 15 years since
 
 Wolfe,
 
 claimant’s incapacitating mental condition arose from having witnessed a bloody bandage on the hand of a co-worker who had been injured off the jobsite. We affirmed the Appellate Division’s denial of that claim on the ground that claimant himself had suffered no "accident.” He was not an active participant in the events that caused his co-worker’s injury; he did not observe those events; he did not even see the wound
 
 (Matter of Everett v A. S. Steel Rule Die Corp.,
 
 66 NY2d 683,
 
 affg on opn of
 
 Justice John T. Casey 106 AD2d 181).
 

 From these cases, respondent now makes a two-part argument. First, respondent urges that the category of active participant necessarily embodies a timing requirement, that only those persons who take part in the events
 
 preceding
 
 another’s tragedy can be deemed participants in those events. Second, respondent contends that because claimant was not an active participant, her injuries cannot otherwise be compensable. Indeed, those arguments appear to have been the basis for the Appellate Division’s reversal of the Board’s award to claimant. The court held that claimant was not an active participant but instead was uninvolved in any manner until she came upon the scene, and therefore was ineligible for workers’ compensation.
 

 This is a misreading of
 
 Wolfe. Wolfe
 
 imposed no timing requirement. Indeed, the Court referred to claimant’s discovery of her supervisor’s lifeless body, and her later feeling that
 
 *84
 
 she should have been able to prevent the tragedy, as a competent producing cause of her incapacitation. Thus, rather than establishing any test of strict sequence for determining "active participant,”
 
 Wolfe
 
 looks to whether such claimants were only uninvolved bystanders or themselves had some active role that produced their own injuries.
 

 In the present case, Rose Wood was by virtue of her employment an active participant — more than a third party merely witnessing another’s injury — in the events of April 29, even though she did not come upon the scene of the accident until after it had occurred. Claimant’s job responsibilities involved her in a unique way and distinguished her from others who might have passed on the road. The feeling on claimant’s part that she should have been able to help, but couldn’t, precipitated her psychological injuries in the same way the claimant in
 
 Wolfe
 
 could point to a feeling of inability to prevent her supervisor’s suicide as a causative element of her injuries. These facts stand in sharp contrast to
 
 Everett,
 
 where the claimant was no more than an observer of a coworker’s bandaged hand, and himself suffered no accident.
 

 While we conclude that claimant, as in
 
 Wolfe,
 
 "was an active participant in the tragedy and as a result suffered disablement, albeit psychological, for which she should be compensated” (36 NY2d, at 511,
 
 supra),
 
 it is well to point out that the second part of respondent’s argument also is flawed. Contrary to respondent’s contention, we have not decided whether only active participants can recover workers’ compensation for mental injuries that result from witnessing another’s tragedy.
 

 The "active participant” analysis is not a test to ensure that mental injuries are genuine; that is an issue to be determined by the medical proof. Nor is it an attempt to resurrect old barriers to workers’ compensation
 
 (see,
 
 Cook,
 
 op. cit.,
 
 62 Notre Dame L Rev, at 912), or a search for something tangible so as to buttress the validity of the claim
 
 (see,
 
 1B Larson, Workmen’s Compensation Law § 42.23, at 1243 [1988]; Comment,
 
 Workers’ Compensation and Gradual Stress in the Workplace,
 
 133 U Pa L Rev 847, 863 [1985]). Rather, "active participants” are simply one category of claimants who might recover workers’ compensation for injuries that result from witnessing events that befall someone else. Apart from the "active participant” in this case and
 
 Wolfe
 
 (who
 
 can
 
 recover compensation), and the mere observer of a bloody bandage in
 
 *85
 

 Everett
 
 (who
 
 cannot),
 
 we have not previously decided — and we do not today decide — whether workers’ compensation is available to persons in other circumstances who suffer mental harm from witnessing an injury to someone else.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and the decision of the Workers’ Compensation Board reinstated.
 

 Chief Judge Wachtler and Judges Simons, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 Order reversed, etc.
 

 *
 

 The words psychic, mental and psychological are used interchangeably to describe a nonphysical event or injury.