595 A.2d 725

**JEANES HOSPITAL and Phico Insurance
Company, Petitioners,**

v.

**WORKMEN'S COMPENSATION APPEAL
BOARD (MILLER), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 3, 1991.

Decided July 18, 1991.

Barbara L. Young, Philadelphia, for petitioners.

John C. Coste, Philadelphia, for respondent.

Before COLINS and KELLEY, JJ., and BLATT, Senior Judge.

KELLEY, Judge.

Jeanes Hospital (employer) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision granting the petition of Maureen Miller (claimant) to set aside a final receipt pursuant to The Pennsylvania Workmen's Compensation Act (Act).[1] We reverse.

Claimant was employed as a Licensed Practical Nurse engaged in geriatric care. On the evening of May 10, 1985, a co-worker collapsed in claimant's presence. Claimant assisted the co-worker into a chair and sought medical assistance. The co-worker was taken to the hospital's intensive care unit where she died several days later due to bleeding from a cerebral aneurysm. Claimant injured her neck, back and shoulder during the incident, and received compensation for temporary total disability until June of 1985 when she signed a final receipt and returned to work.

On May 4, 1986, claimant reinjured her neck and shoulder while lifting a patient. Employer accepted liability and paid compensation pursuant to a notice of compensation payable. On November 17, 1986, employer filed a termination petition alleging that all work-related disability had ceased. Claimant, on October 21, 1987, filed a new claim petition, alleging both physical and psychological problems resulting from the May 10, 1985 incident. Claimant was permitted to

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.

amend this petition to a petition to set aside the final receipt.

Following a series of hearings, the referee granted employer's termination petition as to the May 1986 injury, but also granted claimant's petition to set aside the final receipt for the psychological injury, both effective on August 16, 1986. The Board affirmed and employer now appeals to this Court.

Employer argues that claimant failed to sustain her burden of proof on the petition to set aside the final receipt, that the testimony of an educational psychologist who testified regarding post-traumatic stress disorder was incompetent as a matter of law, and that claimant failed to produce evidence of abnormal working conditions necessary to prevail on a claim for mental injuries. We will address these issues seriately.

## PROPRIETY OF PETITION TO SET ASIDE FINAL RECEIPT

Claimant initially argues that this issue has been waived as employer failed to raise it before the Board. An examination of the record, however, reveals that while employer did not argue or brief this issue, it has been preserved on appeal by virtue of its inclusion in employer's written notice of appeal from the referee's decision.[2] Our scope of review is whether there has been a violation of constitutional rights, error of law, or whether necessary facts are supported by substantial evidence. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

Section 434 of the Act, 77 P.S. § 1001, provides that a final receipt shall be prima facie evidence of the

2. Employer alleged in his appeal to the Board that:
[T]he Referee erred in finding implicitly that claimant's psychological disability was continuing when she executed the Final Receipt in June 1985. No substantial competent evidence supports the Referee's implicit finding that claimant was psychologically disabled when she executed the Final Receipt in June 1985.
Reproduced Record (R.) at 15a-1.

termination of the employer's liability to pay compensation. In order to set aside a final receipt, claimant must establish by sufficient credible evidence that all disability due to the injury had not terminated when the final receipt was signed. *Sheibley v. Workmen's Compensation Appeal Board (ARA Food Services Co.)*, 86 Pa.Commonwealth Ct. 28, 483 A.2d 593 (1984). When claimant has returned to work with no apparent loss of earning power and no obvious residual disability, unequivocal medical testimony is required to establish continuing disability for the purpose of setting aside a final receipt. *Mellor v. Workmen's Compensation Appeal Board (Wilson Tires, Inc.)*, 102 Pa.Commonwealth Ct. 504, 518 A.2d 1308 (1986), *petition for allowance of appeal denied*, 519 Pa. 657, 546 A.2d 60 (1988).

As both claimant and employer appear to recognize, no testimony was presented in this case to establish that claimant's mental injury existed as of June 1985. Therefore, a petition to set aside the final receipt was not the proper procedural mechanism in this case. Nonetheless, our courts have held many times that if a claimant is entitled to relief under any section of the Act, his petition will be considered as filed under that section. *See Dunmore School District v. Workmen's Compensation Appeal Board (Lorusso)*, 89 Pa.Commonwealth Ct. 368, 492 A.2d 773 (1985).

Claimant's original notice of compensation payable was limited to "cervical strain," and made no reference to a mental injury. Claimant's petition of October 21, 1987, however, alleged injuries of the "neck, back, psychological, etc ..." [3] Although a new claim for neck and back injuries arising from the May 1985 incident would be barred by the final receipt, no mental injury was ever asserted prior to the October 1987 petition. If otherwise proper, therefore, the October 1987 claim petition would be cognizable as a new claim.

**3.** R. at 4a.

## COMPETENCE OF EXPERT TESTIMONY

Employer next argues that the testimony of claimant's medical expert, on which the referee based his finding of disability, was incompetent because the witness, Janet Widra, was a licensed educational, but not clinical, psychologist. Employer, however, failed to object to Ms. Widra's qualifications either during her deposition or at the time the deposition was submitted to the referee. Any objection to Ms. Widra's qualifications was therefore waived. *Workmen's Compensation Appeal Board v. Czepurnyj*, 20 Pa.Commonwealth Ct. 305, 340 A.2d 915 (1975).

## PROOF OF ABNORMAL CONDITIONS

Finally, employer argues that claimant failed to produce evidence of abnormal working conditions necessary to meet her burden of proof in a mental injury claim. We initially note that this Court has recognized three categories of mental injury cases. *See Boeing Vertol Co. v. Workmen's Compensation Appeal Board (Coles)*, 107 Pa.Commonwealth Ct. 388, 528 A.2d 1020 (1987), *petition for allowance of appeal denied*, 517 Pa. 611, 536 A.2d 1335 (1987), *cert. denied*, 484 U.S. 1064, 108 S.Ct. 1025, 98 L.Ed.2d 989 (1988). Although claimant sustained a compensable physical injury on May 10, 1985, she does not allege that her mental disability was caused by the physical injury. Therefore, what is before us is a mental-mental case; i.e., a psychological stimulus causing a mental injury.

Our Supreme Court recently held that in order to show the requisite causation in a mental-mental case, claimant must "prove by objective evidence that he has suffered a psychiatric injury and he must prove that such injury is other than a subjective reaction to normal working conditions." *Martin v. Ketchum, Inc.*, 523 Pa. 509, 519, 568 A.2d 159, 164 (1990) (quoting *Russella v. Workmen's Compensation Appeal Board (National Foam Systems, Inc.)*, 91 Pa.Commonwealth Ct. 471, 497 A.2d 290 (1985)).

■ Here, claimant presented objective evidence of a mental injury which was accepted by the referee. In order to be compensable, however, we must still determine whether the event causing the injury, the death of a co-worker, constitutes "abnormal working conditions." The question of what constitutes an abnormal working condition is a mixed question of law and fact and is reviewable by this Court. *Marsico v. Workmen's Compensation Appeal Board (Department of Revenue)*, 138 Pa.Commonwealth Ct. 352, 588 A.2d 984 (1991).

■ We have no doubt that witnessing the death or events leading to the death of a co-worker is highly stressful and can be the cause of psychological injuries. Nevertheless, it is only compensable under our Act if it can be considered an "abnormal working condition."

Our research has not revealed any published case in this jurisdiction discussing the death of a co-worker as a compensable event. Several of our sister states, however, have allowed compensation. For example, in the seminal case of *Bailey v. American General Insurance Co.*, 154 Tex. 430, 279 S.W.2d 315 (1955), the Court allowed compensation to an iron worker who witnessed a fellow worker fall to his death from a scaffold. Compensation was allowed to a secretary who discovered her employer's body following his suicide. *Wolfe v. Sibley, Lindsay and Curr Co.*, 36 N.Y.2d 505, 330 N.E.2d 603, 369 N.Y.S.2d 637 (1975).[4] An Arizona court, citing *Bailey*, allowed compensation to a municipal employee whose pre-existing manic-depressive state was aggravated when the truck that he was driving accidentally ran over and killed a woman. *Brock v. Industrial Commission*, 15 Ariz.App. 95, 486 P.2d 207 (1971). Finally, compensation was allowed to an ironworker who witnessed the injury of a co-worker in an industrial accident, which later resulted in the death of the co-worker. *International*

---

**4.** A similar case allowed compensation where claimant, a secretary, witnessed her employer's suicide at work. *Davis v. Oilfield Scrap & Equipment Co.*, 482 So.2d 970 (La.Ct.App.1986).

*Harvester v. Labor and Industry Review Commission*, 116 Wis.2d 298, 341 N.W.2d 721 (Ct.App.1983).

While several older cases have denied compensation in similar instances, we find few modern cases which have done so. The Supreme Court of Kansas denied compensation to a worker who developed a psychological disability from seeing his friend and co-worker immediately after his head had been crushed in a press. *Followill v. Emerson Electric Co.*, 234 Kan. 791, 674 P.2d 1050 (1984). Kansas law, however, requires an actual physical injury to claimant to allow compensation.

New York and Wisconsin have limited compensation to claimants who were "active participants in the tragedy." In *Wood v. Laidlaw Transit, Inc.*, 77 N.Y.2d 79, 565 N.E.2d 1255, 564 N.Y.S.2d 704 (1990), a school bus driver, during the course of her employment, came upon a rather gruesome traffic accident in which two children known to her had been killed. The appellate division denied compensation, finding that claimant was not an "active participant in the tragedy." The court of appeals reversed, finding that claimant was an "active participant," which was defined as "more than a third party merely witnessing another's injury."

In all of these cases, however, the co-worker's death that precipitated claimant's mental injury was by violent means and not by natural causes. Our research has discovered only one case involving the death of a co-worker by natural causes, which is not helpful because at the time it was decided, the jurisdiction required a physical injury in order to grant compensation, and therefore denied the claim.[5]

After reviewing these cases and our own caselaw, we believe that witnessing the death of a co-worker by natural causes does not constitute the type of "abnormal working condition" for which compensation is contemplated under our Act. We have held that:

5.  *Straws v. Fail,* 17 A.D.2d 998, 233 N.Y.S.2d 893 (1962).

With respect to the substantive requirement that there be an abnormal work condition triggering the psychological disturbance, we note that work stress is present in varying degrees in all walks of life. Many occupations are by their nature highly stressful. We believe, however, that to countenance the distribution of workmen's compensation benefits to all potential claimants who may succumb emotionally to the demands and circumstances of their otherwise normal employment would be to usher in a wide spectrum of compensability heretofore unenvisioned by the General Assembly.

*Sibrava v. Workmen's Compensation Appeal Board (TWA)*, 113 Pa.Commonwealth Ct. 286, 290, 537 A.2d 75, 77 (1988).

We now hold that the death of a co-worker due to natural causes, while certainly an event which may induce trauma or psychological disability, is not an abnormal working condition. In doing so, we simply recognize, as at some point we all must, that death is the natural consequence of life. Where death of a co-worker is due to natural causes, albeit unexpected, this is not an "abnormal working condition," but rather a normal human condition. Like the court in *Sibrava*, we believe that compensation under these circumstances is outside the scope of the Act.

Accordingly, the order of the Board is reversed.

## ORDER

NOW, this 18th day of July, 1991, the order of the Workmen's Compensation Appeal Board, No. A89–1394, dated October 30, 1990, is reversed.