*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 26, 2015                    518159
_____

In the Matter of the Claim of
    KIM DEMPERIO,
                    Respondent,

        v

ONONDAGA COUNTY et al.,                  MEMORANDUM AND ORDER
                    Appellants,
                    et al.,
                    Respondent.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:  February 10, 2015

Before:  Lahtinen, J.P., Garry, Lynch and Devine, JJ.

_____

        Wolff, Goodrich & Goldman, LLP, Syracuse (Robert E. Geyer Jr., of counsel), for appellants.

        Stephen Lance Cimino, Syracuse, for Kim Demperio, respondent.

        Eric T. Schneiderman, Attorney General, New York City (Iris A. Steel of counsel), for Workers' Compensation Board, respondent.

_____

Devine, J.

        Appeal from a decision of the Workers' Compensation Board, filed March 6, 2013, which, among other things, ruled that claimant sustained a compensable injury.

Claimant worked as a secretary at a medical facility, and she filed for workers' compensation benefits alleging that she sustained work-related mental injuries after she responded to the suicide of a patient in 2006. Following hearings, a Workers' Compensation Law Judge established the claim and found, as is relevant here, that claimant had disabling depression, anxiety and posttraumatic stress disorder stemming from that incident. The Workers' Compensation Board affirmed, and the self-insured employer and its third-party administrator (hereinafter collectively referred to as the employer) now appeal.

We affirm. Psychological injuries caused by witnessing the aftermath of a suicide have been held to be compensable where "the claimant was an active participant in the tragedy," as opposed to a bystander (Matter of Wolfe v Sibley, Lindsay & Curr Co., 36 NY2d 505, 511 [1975]; see Matter of Wood v Laidlaw Tr., 77 NY2d 79, 83 [1990]; Matter of Everett v A.S. Steel Rule Die Corp., 106 AD2d 181, 183 [1985], affd for reasons stated below 66 NY2d 683 [1985]). The facts here are not in significant dispute. On March 31, 2006, a patient leapt from a window at the facility where claimant worked and impaled himself on picnic tables outside of claimant's office. Claimant was one of the first workers to reach the scene and, despite her lack of medical training, was directed by her supervisor to retrieve an oxygen tank for the patient. Claimant did so, but began to feel anxious and hyperventilate and "lost it" altogether after she was ordered by facility officials not to speak to investigators about her prior interactions with the patient. Therefore, substantial evidence exists for the Board's finding that claimant was indeed an active participant in the events surrounding the suicide (see Matter of Wolfe v Sibley, Lindsay & Curr Co., 36 NY2d at 510-511; see also Matter of Wood v Laidlaw Tr., 77 NY2d at 84; Matter of Wyman v Maidas Floral Shop, 1 AD3d 728, 729 [2003]). The Board was further free to, and did, credit medical evidence indicating that claimant developed disabling depression, anxiety and posttraumatic stress disorder as a result of the incident (see Matter of Malerba v Ameron Global, Inc., 117 AD3d 1302, 1303 [2014]).

We have examined the employer's remaining contention and found it to be lacking in merit.

Lahtinen, J.P., Garry and Lynch, JJ., concur.


ORDERED that the decision is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court