# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Erin Smith, | : **CASES CONSOLIDATED** |
|           Petitioner | : |
| | : |
|      v. | : No.  1214 C.D. 2021 |
| | : |
| Warwick School District, PMA | : |
| Management Corp. and Lancaster-Lebanon | : |
| Public Schools Workers Compensation | : |
| Fund (Workers' Compensation Appeal | : |
| Board), | : |
|           Respondents | : |
| | |
| Warwick School District, PMA | : |
| Management Corp. and Lancaster-Lebanon | : |
| Public Schools Workers Compensation | : |
| Fund, | : |
|           Petitioners | : |
| | : |
|      v. | : No.  1240 C.D. 2021 |
| | : Argued:  June 6, 2023 |
| Erin Smith (Workers' Compensation | : |
| Appeal Board), | : |
|           Respondent | : |


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE LORI A. DUMAS, Judge
              HONORABLE STACY WALLACE, Judge


<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WALLACE                       FILED:  December 20, 2023

Erin Smith (Claimant) petitions for review of the October 6, 2021 Workers' Compensation Appeal Board (Board) order reversing the January 28, 2020 order of the Workers' Compensation Judge (WCJ), as amended on January 29, 2020,[1] which granted Claimant's Claim Petition. Claimant founded her Claim Petition on suffering a psychological injury as a result of an allegation of child abuse made against her at work. Warwick School District (Employer); PMA Management Corp., its third-party administrator; and Lancaster-Lebanon Public Schools Workers Compensation Fund (collectively, the School District), filed a Cross-Petition for Review (Cross-Petition), which is also before this Court. These matters are consolidated for our disposition. After review, we conclude the Board did not err in determining Claimant failed to establish the existence of an abnormal working condition; accordingly, she failed to satisfy her burden of proof. We affirm the Board's order and dismiss the School District's Cross-Petition.

## I. Factual and Procedural History

On April 20, 2017, Claimant filed a Claim Petition alleging that on April 23, 2014, while working as a teacher, she experienced disabling psychological injuries because "Employer intentionally, recklessly, and/or negligently falsely accused the Claimant of child abuse." Reproduced Record (R.R.) at 5a. Claimant sought full disability benefits from May 12, 2014, through February 1, 2015, and then again from November 24, 2015, ongoing. *Id*. at 7a. On August 8, 2016, Employer issued a Notice of Workers' Compensation Denial. *Id*. at 2a.

The WCJ held a hearing on August 4, 2017. Claimant provided extensive testimony at the hearing and both Claimant and the School District supplied the WCJ

---

[1] The WCJ issued an amended order to correct an omission in Conclusion of Law ¶ 2. The amended order included the WCJ's finding of an "abnormal work condition."

with deposition testimony from their witnesses. Based on the testimony, the WCJ found Employer's discipline of Claimant for her actions regarding a student was "unusual." WCJ Decision 1/29/20 (WCJ Dec.), Conclusions of Law (C.L.) ¶ 2. Further, the WCJ found Claimant met her burden of proving a psychological injury, "adjustment disorder with mixed anxiety and depressed mood," and it resulted from her experiences during April and May 2014. *Id.* Ultimately, in his Decision and Order, the WCJ granted Claimant's Claim Petition and awarded her benefits from the time she stopped working for Employer in the spring of 2014, until the time she returned in February 2015. WCJ Dec., Order. The WCJ suspended Claimant's wage loss benefits after her return to work and until November 9, 2016, finding her fully recovered from her work injury as of that date. *Id.*

Both the School District and Claimant appealed the WCJ decision to the Board. In its Opinion and Order, the Board disagreed with the WCJ's conclusion that Claimant established the existence of an "abnormal working condition." The Board concluded Claimant failed to meet her initial burden of establishing a psychological stimulus caused a psychological injury. Accordingly, the Board reversed the WCJ's order granting Claimant's Claim Petition. Because the Board reversed the WCJ based on the absence of an abnormal working condition, the Board did not address the School District's other issues on appeal. Claimant filed a Petition for Review and the School District filed a Cross-Petition.[2]

---

[2] While not required to do so, the School District filed a protective Cross-Petition under Pa.R.A.P. 1512. In its Cross-Petition, the School District offered alternative grounds upon which this Court could affirm the Board. In *Saint Thomas Township v. Wyco*, 758 A.2d 755, 758 (Pa. Cmwlth. 2005), this Court pointed out a party who prevailed below, at times, may be prudent to file a cross-appeal. The Court explained, "[A]lthough a party receives the relief it sought, albeit on an alternative basis, that fact alone would not preclude the successful party from filing a protective cross[-]appeal on an issue which the lower tribunal decided against it, and a party choosing to proceed in such a manner, *i.e.*, not filing a protective cross[-]appeal, does so at the risk that the **(Footnote continued on next page…)**

3

## II. Discussion

Claimant and the School District raise the same principal issue in their Petition for Review and Cross-Petition. The issue is whether the Board erred in concluding Claimant failed to establish the existence of an abnormal working condition. The existence of an abnormal working condition is central to establishing causation in the case of a psychological injury. Claimant argues the Board erred when it disregarded evidentiary findings of the WCJ and overturned the WCJ's ruling. The School District presents several arguments why, in addition to Claimant's failure to prove an abnormal working condition, this Court should affirm the Board.

In her Claim Petition, Claimant sought benefits for the psychological injury of adjustment disorder with anxiety and depressed mood. For purposes of receiving workers' compensation benefits, the influence of the psychological element is divided into three discrete classifications: (1) the "mental/physical" injury where a psychological stimulus causes a physical injury; (2) the "physical/mental" injury where a physical stimulus causes a psychological injury; and (3) the "mental/mental" injury where a psychological stimulus causes a psychological injury. *Ryan v. Worksman's Comp. Appeal Bd. (Cmty. Health Servs.)*, 707 A.2d 1130, 1133-34 (Pa. 1998).

By claiming conditions at work resulted in her psychological injury, Claimant alleges a "mental/mental" injury. When a claimant alleges a mental stimulus caused her mental injury, she must prove either: "(a) that actual extraordinary events occurred at work which caused the trauma and that these specific events can be pinpointed in time, or (b) that abnormal working conditions over a longer period of

---

issue on which it prevailed below will be reversed." *See also* Comment to Pa.R.A.P. 511 ("In deciding whether to cross-appeal, parties may also consider that appellate courts have discretion, but are not required, to affirm for any reason appearing in the record.").

4

time caused the injury." *Gulick v. Workers' Comp. Appeal Bd. (Pepsi Cola Operating Co.)*, 711 A.2d 585, 587 (Pa. Cmwlth. 1998).

In this mental/mental case, Claimant must prove she suffered the injury caused by her employment *and* that an abnormal working condition *caused* the mental injury. The Pennsylvania Supreme Court adopted the "abnormal working condition" standard to distinguish between objective and subjective evidence of the working conditions alleged to have caused the injury. *See Martin v. Ketchum, Inc.*, 568 A.2d 159, 164 (Pa. 1990). The standard is an objective one, rather than a subjective one. The standard aims to distinguish psychological injuries that are compensable because the necessary causal relationship between the employment and disability has been established from those psychological injuries arising from a claimant's subjective reactions to normal working conditions. *Id.* at 164-65.

Whether a claimant has been exposed to abnormal working conditions is a mixed question of law and fact and is fully reviewable by this Court. *Jeanes Hosp. v. Workmen's Comp. Appeal Bd. (Miller)*, 595 A.2d 725, 728 (Pa. Cmwlth. 1991). Psychological injury cases are highly fact-specific and must be considered in the context of specific employment. *Payes v. Workers' Comp. Appeal Bd. (Pa. State Police)*, 79 A.3d 543, 552 (Pa. 2013). Such a fact-sensitive inquiry requires deference to the fact-finding authority of the WCJ, and accordingly, we limit our review of those factual findings to determining whether they are supported by the evidence and overturn them only if they are arbitrary and capricious. *Id.* Thus, our appellate review of this question of abnormal working conditions is a two-step process of reviewing the factual findings and then the legal conclusion. *Id.*

The WCJ found the evidence from Claimant's psychiatric expert demonstrated Claimant sustained an adjustment disorder with mixed anxiety and

depressed mood, and the diagnosis was caused by Claimant's experiences during April and May 2014. WCJ Dec., C.L. ¶ 2. Regardless of this finding, our review requires that we consider whether an abnormal working condition caused Claimant's psychological injury, or whether Claimant's subjective reactions to normal working conditions caused her injury. The WCJ found an abnormal working condition existed because the particular discipline Employer meted out, a five-day suspension without pay, was "unusual given the lack of evidence to support it." *Id*. However, as the Board indicated, "not agreeing on the ultimate decision by the administration, obtained through the proper procedures, does not create an abnormal working condition." Bd. Op., 10/6/21 at 13.

The WCJ credited Employer's witnesses who testified the events were not highly unusual or extraordinary. Mark D. Leidich (Leidich), a human resources expert in the area of education with experience as a school board member, testified "it was not unusual for complaints of suspected child abuse being made to authorities," nor was it unusual for a school district to investigate allegations of suspected child abuse. WCJ Dec., Findings of Fact (F.F.) ¶ 7.e. Leidich said it was not unusual for a school district to discipline an employee for deficiencies in performance, for an employee or union to file a grievance, for an arbitrator to partially grant and partially deny a grievance, for a school district to remove a teacher from a classroom and place her in an administrative office during an investigation, nor was it unusual for a school district to change the assignment of a teacher. *Id*. Additionally, Andrew Klein (Klein), an independent special education consultant, testified the circumstances Claimant encountered were not unusual. Klein opined there was nothing unusual about the filing of a suspected child abuse report, nor was there anything unusual with Employer placing Claimant on administrative leave,

6

suspending her, requiring retraining, or reassigning her. *Id.* ¶ 8.b. Klein testified the School District "behaved as any other district that I've worked for . . . they acted in a way I've seen numerous times." *Id.*

The Board held, "[t]his type of situation was not completely out of the ordinary for a teacher to potentially experience, and the investigation was done with professionalism and through the proper procedures." Bd. Op. at 13. While Claimant and the WCJ did not agree with Employer's assessment regarding Claimant's treatment of the student or that it warranted the punishment she received, disagreeing with the result of a proper investigation does not transform that investigation into an abnormal working condition.

While always a fact-specific inquiry, this Court did conclude abnormal working conditions existed when an employer accused its office manager of embezzlement and threatened her with jail, despite knowing the accusation was false. *Miller v. Workers' Comp. Appeal Bd. (New Wilmington Fam. Prac.)*, 724 A.2d 971, 978 (Pa. Cmwlth. 1999). This Court also held abnormal working conditions existed when an employer falsely accused an office clerk of committing a wrongful act, intimidated her, and threatened to terminate her employment, all despite knowing the accusation was false. *U.S. Airways v. Workers' Comp. Appeal Bd. (Long)*, 756 A.2d 96, 102 (Pa. Cmwlth. 2000). Unlike in the present case, in *Miller* and *U.S. Airways*, employers knowingly made false accusations and participated in other intimidating or aggressive actions. In the case of Claimant, someone filed a complaint with the authorities and Employer investigated it with professionalism and with proper procedures.

### III. Conclusion

We conclude the Board did not err in reversing the WCJ when the Board held Claimant failed to establish the existence of an abnormal working condition in her "mental/mental" claim for workers' compensation benefits.[3]  Accordingly, we affirm the Board and dismiss the School District's Cross-Petition.

_____
STACY WALLACE, Judge

---

[3] The Board concluded the other issues raised by the School District became moot when it reversed the WCJ's grant of Claimant's Claim Petition.  We concur.  Similarly, because this Court affirms the Board on the same grounds it relied upon, we need not reach the School District's alternative arguments.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Erin Smith, | : | **CASES CONSOLIDATED** |
| Petitioner | : | |
| | : | |
| v. | : | No. 1214 C.D. 2021 |
| | : | |
| Warwick School District, PMA | : | |
| Management Corp. and Lancaster-Lebanon | : | |
| Public Schools Workers Compensation | : | |
| Fund (Workers' Compensation Appeal | : | |
| Board), | : | |
| Respondents | : | |
| | | |
| Warwick School District, PMA | : | |
| Management Corp. and Lancaster-Lebanon | : | |
| Public Schools Workers Compensation | : | |
| Fund, | : | |
| Petitioners | : | |
| | : | |
| v. | : | No. 1240 C.D. 2021 |
| | : | |
| Erin Smith (Workers' Compensation | : | |
| Appeal Board), | : | |
| Respondent | : | |

# **O R D E R**

**AND NOW**, this 20th day of December 2023, the October 6, 2021 order of the Workers' Compensation Appeal Board is **AFFIRMED** and the Cross-Petition for Review filed by Warwick School District, PMA Management Corp. and Lancaster-Lebanon Public Schools Workers Compensation Fund is **DISMISSED.**

_____
STACY WALLACE, Judge