■ In the Matter of the Claim of FRANK C. OTTOMANELLI, Respondent, v OTTOMANELLI BROS. et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed February 27, 1980, which found that claimant's disability was causally related to an industrial accident. That claimant's work activities as a butcher involving five 12-hour work days per week and myriad other duties caused him to suffer acute anxiety and disabling depression is not contested on this appeal. The sole issue is whether the pressure of work-related activities was causative of claimant's psychiatric disability. The board, in overruling the referee's conclusion of "no causal relationship" stated: "Upon review of the record, the Board Panel finds based on the testimony of Dr. Kiev and the claimant, that the claimant sustained an accident within the meaning of the Workers' Compensation Law, and that the claimant's resulting disability is causally relative thereto." We agree. The board was free to credit the testimony of claimant's doctor that the traumas experienced by claimant were industrial accidents related to job pressures. It is well settled that depressive reactions triggered by a claimant's work and environment can constitute an accident arising out of and in the course of employment (Matter of Wolfe v Sibley, Lindsay & Curr Co., 36 NY2d 505). Next, an accident can occur either as the initial trauma leading to an ultimate disability or, as here, as the result of prolonged, unusual circumstances (Matter of Greensmith v Franklin Nat. Bank, 21 AD2d 576, affd 16 NY2d 973). The question of whether a causal relationship exists between any particular work activity and an ensuing disability is an issue of fact for resolution by

the board *(Matter of Currie v Town of Davenport,* 37 NY2d 472). The decision of the board is supported by substantive evidence. Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P.J., Sweeney, Kane, Casey and Mikoll, JJ., concur.