In the Matter of RICHARD B. HENNIGE, Respondent, v FAIRVIEW FIRE DISTRICT et al., Appellants, and WORKERS' COMPENSATION BOARD, Respondent.

Third Department, February 16, 1984

APPEARANCES OF COUNSEL

*Raymond C. Green* (*Victoria E. Manes* of counsel), for appellants.

*Robert Abrams, Attorney-General* (*Morris N. Lissauer, Howard B. Friedland, Carlin Meyer* and *Reed Brody* of counsel), for Workers' Compensation Board, respondent.

OPINION OF THE COURT

MAHONEY, P. J.

Claimant was a 10-year employee of the Fairview Fire District who had risen through the ranks from fire fighter to lieutenant. During that decade he had maintained equipment, fought fires and, as an officer, supervised shifts of four to five fire fighters at large fires. This leadership role entailed ordering fire fighters to enter burning buildings to save property and lives. In January, 1978, when claimant appeared nervous and tense, he was ordered to see the department physician. The doctor referred him to a psychiatrist who diagnosed his condition to be anxiety neurosis. Thereafter, claimant was absent from work for long periods of time. By the time of the hearing herein, he had resumed work but no longer answered fire calls or supervised fire fighters.

An administrative law judge concluded that, although claimant had not suffered an accidental injury, he did suffer from an occupational disease pursuant to section 3 (subd 2, par 30) of the Workers' Compensation Law and was entitled to benefits. By decision dated February 8, 1983, the board affirmed the administrative law judge's finding that claimant was suffering from an occupational disease. This appeal by the fire district and the State Insurance Fund ensued. We reverse.

We hold that while claimant may have a claim under the Workers' Compensation Law, it does not fall within the provisions of subdivision 2 of section 3 of that act which deals with occupational diseases. The fact that mental injury, such as anxiety neurosis, precipitated solely by psychic trauma is compensable as a matter of law (*Matter of Wolfe v Sibley, Lindsay & Curr Co.*, 36 NY2d 505, 508) does not mandate that all mental disorders disruptive of the work process must be treated as occupational diseases for the purpose of compensation. If related to occupation in general terms, the disorder is accidental (Workers' Compensation Law, § 2, subd 7; § 10). For a mental or psychic disorder to qualify as a disease (Workers' Compensation Law, § 3, subd 2), two conditions must exist. First, the causative factor, to the exclusion of all other agents, must be natural to and inhere in the job. Second, the injured employee must not be idiopathic, i.e., singularly vulnerable to the hazard that is a concomitant of the work in question. If the hazard seeks out the susceptible, who are few in number among the work force, and passes by the greater, though all perform the same work under the same conditions, the victim may have sustained an accident as distinguished from suffering from a disease within the meaning of the Workers' Compensation Law.

Here, the record reveals that claimant believed he was a perfectionist who could not "roll with the punches". He felt that some of his fellow fire fighters were laughing at him because he was such a conscientious worker and, most significantly, he felt he was blamed for the death of an occupant of a burning house even though he was without fault. These admissions support the diagnosis of anxiety neurosis, but they may also identify claimant as a fireman

who sustained an accident within the meaning of the applicable law. Since the board did not consider the issue of accidental injury originally rejected by the administrative law judge, a remittal to the board for consideration of that issue is required.

The decision should be reversed, without costs, and the matter remitted to the Workers' Compensation Board for further proceedings not inconsistent herewith.

KANE, CASEY, WEISS and LEVINE, JJ., concur.

Decision reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent herewith.