■ In the Matter of the Claim of EMMETT HAYDEL, Respondent, v SEARS, ROEBUCK & COMPANY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed March 4, 1983 and amended by decision filed August 5, 1983, which awarded claimant benefits for psychiatric injury.

Claimant was employed as the manager of the men's department at a Sears, Roebuck & Company store. His employment

began in 1971 and terminated on January 17, 1980. During this period, he had advanced steadily to his managerial position and the performance of his duties was, in all respects, satisfactory. However, in June, 1978, claimant experienced marital difficulties and developed anxiety and depression which required psychiatric consultation and treatment, necessitating absence from work for a period of six to eight weeks. This absence also precipitated difficulties with the store manager, who, as alleged by claimant, called him at home, threatened to replace or demote him, used abusive language, and generally harassed him after he returned to work. Thereafter, the store manager was replaced and claimant, fearful that derogatory material may have been placed in his personnel file, requested permission to view his file.

It was upon viewing this file on January 16, 1980 that claimant discovered a newspaper clipping referring to an incident in 1968 when, at the age of 18, he had been convicted of attempted robbery. He became emotionally distraught, could not continue working and went home. He was unable to function at work on the following day, and on January 18, 1980, he consulted his psychiatrist, Dr. John M. Myers, who diagnosed his condition as schizophreniform psychosis after eight weeks of treatment, during which time claimant's condition deteriorated to the point where he required hospitalization and large doses of neuroleptic medication. Dr. Myers concluded that this severe condition is totally different from and unrelated to claimant's prior psychological problems, and he steadfastly maintained that claimant's present disability is directly attributable to the episode which occurred on January 16, 1980.

The board found this incident to be an accident arising out of and in the course of claimant's employment and that claimant's resulting disability was causally related thereto. It also denied reimbursement to the employer for long-term benefits paid because of failure to comply with the provisions of section 25 (subd 4, par [c]) of the Workers' Compensation Law.

Mental injury precipitated solely by psychic trauma is compensable as a matter of law (*Matter of Wolfe v Sibley, Lindsay & Curr Co.*, 36 NY2d 505) when the circumstances constitute an "accident" within the meaning of the Workers' Compensation Law (*Matter of Hennige v Fairview Fire Dist.*, 99 AD2d 158). Our review is limited to whether there is substantial evidence to support the finding of the board, and the uncontradicted testimony of claimant's psychiatrist certainly provides such evidence (see *Matter of Ottomanelli v Ottomanelli Bros.*, 80 AD2d 688) Accordingly, the decision of the board should be affirmed in all respects, including the denial of reimbursement.

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.