In the Matter of the Claim of ROBERT EVERETT, Respondent, v
A. S. STEEL RULE DIE CORPORATION et al., Appellants.
WORKERS' COMPENSATION BOARD, Respondent.

Third Department, February 7, 1985

### APPEARANCES OF COUNSEL

*Linden & Gallagher* (*Leonard Linden, III* and *Leonard J. Linden, II,* of counsel), for appellants.

*Robert Abrams, Attorney-General* (*Carlin Meyer, Morris N. Lissauer* and *Theresa E. Wolinski* of counsel), for Workers' Compensation Board, respondent.

### OPINION OF THE COURT

CASEY, J.

A claimant who becomes incapacitated due to a mental condition causally related to his observation of a bloody bandage on the hand of a co-worker, who injured his hand off the job site, has not sustained an industrial accident within the meaning of the Workers' Compensation Law. The Workers' Compensation Board's decision affirming an award of benefits in such circumstances, therefore, lacks a rational basis and must be reversed.

The facts are not in dispute. While operating a machine in the course of his employment, claimant turned to a co-worker nearby and observed a bandage on the co-worker's hand, with blood seeping through the bandage. Claimant became upset and spoke with his foreman, who advised him that the co-worker had

been injured off the job. Claimant thereafter went to his shop steward, the personnel office and finally the employer, who told him to return to his job or go home. Claimant returned to his post, but was unable to touch the machine he had been operating. He began to cry and went to the locker room. He left the premises about four or five hours later and did not return.

Claimant's psychiatrist, who first saw claimant some four months after the incident, diagnosed claimant's condition as "generalized anxiety disorders" — "a borderline case * * * between a neurosis and psychosis". The medical experts were in agreement that claimant was totally disabled by his mental condition and that the condition was causally related to the incident described above. The Board affirmed an award of benefits and this appeal ensued.

As we recently observed in *Matter of Haydel v Sears, Roebuck & Co.* (106 AD2d 759, 760): "Mental injury precipitated solely by psychic trauma is compensable as a matter of law (*Matter of Wolfe v Sibley, Lindsay & Curr Co.,* 36 NY2d 505) when the circumstances constitute an 'accident' within the meaning of the Workers' Compensation Law (*Matter of Hennige v Fairview Fire Dist.,* 99 AD2d 158). Our review is limited to whether there is substantial evidence to support the finding of the board".

The seminal case concerning the compensability of psychological injury caused by psychic trauma is *Matter of Wolfe v Sibley, Lindsay & Curr Co.* (*supra*), in which the Court of Appeals affirmed an award of benefits to a claimant who was incapacitated by severe depression caused by the discovery of her immediate supervisor's body after he had committed suicide. The court held "that psychological or nervous injury precipitated by psychic trauma is compensable to the same extent as physical injury" (*supra,* at p 510), rejecting the notion that such injury is not compensable in the absence of physical impact (*supra,* at pp 508-510). In responding to the argument that allowing recovery would "open the floodgates with no rational way to limit liability", the court observed that the claimant: "was not a third party merely witnessing injury to another, she was an active participant [in the events leading up to her supervisor's suicide] * * * Not only did she consider his suicide a personal failure but she *was* an integral part of the tragedy by virtue of his last communication and her discovery of his lifeless body" (*supra,* at p 511). Recognizing that its holding was consistent with the basic policy of the Workers' Compensation Law to allow benefits where the injury is accidental and arose in the course of employment, the court concluded with the following cautionary instruction: "This

is not to say that liability should be extended indefinitely, we must consider the record before us in light of the commonsense viewpoint of the average man * * * It is enough to say that the claimant was an active participant in the tragedy and as a result suffered disablement, albeit psychological, for which she should be compensated" (*supra,* at p 511).

It is readily apparent that the holding in *Wolfe* (*supra*), as limited by the facts of that case and the wording of the decision, does not extend compensability to mental injury sustained by a claimant who merely observes an injured co-worker. Indeed, the decision expressly distinguished such circumstances (*supra*). The Court of Appeals has not had occasion to consider the issue subsequent to *Wolfe,* and this court's recent decisions cannot be viewed as expanding compensability to the mere observer. Rather, these latter cases fall into one of two categories: those where the claimant's psychological injury arises out of a single incident of psychic trauma (*see, Matter of Haydel v Sears, Roebuck & Co., supra* [where this court affirmed an award of benefits to a claimant who became emotionally distraught upon discovering certain derogatory material in his personnel file maintained by his employer]; *Matter of Peters v New York State Agric. & Indus. School,* 64 AD2d 749 [where we affirmed an award of benefits to a claimant who suffered from severe reactive depression following a "riot" by the 25 boys in his charge at a training school for delinquent boys]); and those where the claimant's mental condition is attributable to undue or excessive stress from the employment and the work environment in general (*see, Matter of Hennige v Fairview Fire Dist.,* 99 AD2d 158, *supra* [where this court remitted the matter to the Board to determine whether a claimant, who was diagnosed as suffering from an anxiety neurosis related to his duties as a lieutenant in the fire district, had sustained an "accident"]; *Matter of Ottomanelli v Ottomanelli Bros.,* 80 AD2d 688 [where we affirmed a decision of the Board which found that a claimant's disability due to acute anxiety and depression, which was caused by his work activities involving five 12-hour work days per week, was causally related to an industrial accident]).

In contrast to the foregoing cases, claimant herein merely observed the bandaged hand of a co-worker. He was not an active participant in the events which caused the injury. Nor did he observe such events, which apparently occurred away from the job. Indeed, claimant did not even see the injury itself. Considered "in light of the commonsense viewpoint of the average man" (*Matter of Wolfe v Sibley, Lindsay & Curr Co.,* 36 NY2d 505, 511, *supra*), there is no rational basis for concluding

that the circumstances of this case constitute an accident within the meaning of the Workers' Compensation Law. As is the case with heart attacks (*see, Matter of Currie v Town of Davenport,* 37 NY2d 472, 477), the mere fact that the mental injury was incurred by claimant while on the job does not render the injury compensable (*see, Matter of Loh Lin v Burroughs Corp.,* 75 AD2d 702, *lv denied* 50 NY2d 805). Since the Board's finding of an industrial accident herein lacks a rational basis, its decision must be reversed.

MAHONEY, P. J., KANE, WEISS and LEVINE, JJ., concur.

Decision reversed, with costs against the Workers' Compensation Board, and claim dismissed.