■ In the Matter of the Claim of JOSEPH ALVES, Appellant, v HAMILTON, FULTON AND MONTGOMERY COUNTIES BOCES et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.— Kane, J. Appeal from a decision of the Workers' Compensation Board, filed March 1, 1984, as amended by decision filed September 26, 1984, which ruled that claimant did not sustain a causally related disability and denied his claim for benefits.

Claimant was employed as a teacher of emotionally disturbed elementary grade children by the Hamilton, Fulton and Montgomery Counties BOCES beginning in 1973. In 1976, at his own request, claimant was transferred to teach in the Tribes Hill School in Montgomery County in a program of related occupational education for educable mentally retarded children 16 years of age and older. He possessed prior teaching experience in that field. Problems developed thereafter which resulted in complaints from parents of students and the situation ultimately deteriorated to the point where, after discussions with his superiors, claimant was advised that he would be transferred to another assignment at the adjustment class of the Fonda-Fultonville Central School in Montgomery County, without any diminution of his rights and privileges. Although claimant filed a grievance concerning this transfer, he taught at the new school during the 1976-1977 school year. Additional complaints arose during this period regarding the nature of the performance of his duties, which culminated in an unfavorable evaluation of his teaching performance and a reassignment to teaching a class of retarded elementary grade children. Claimant contends that when he reported to that new teaching position on September 6, 1977, the site was so chaotic and disrupted that the condition of the classroom affected him so that he left the scene and never returned to his duties. It is his further contention that he was singled out by his superiors for harassment and subjected to such treat-

ment that he sustained severe anxiety and mental anguish, resulting in a disability which was causally related to his employment.

Extensive hearings were held with a number of witnesses testifying before the Administrative Law Judge and the entire matter was explored in depth, as evidenced by the voluminous record in this proceeding. An award was made in favor of claimant, but on appeal to the Workers' Compensation Board, it was ultimately rescinded and the case was closed. The basis for the Board's decision was that there was no evidence that claimant had been harassed by his employer and that he did not have an anxiety neurosis or anxiety reaction arising out of and in the course of his employment. Accordingly, the issue before us is, essentially, one of substantial evidence and the credibility of the witnesses. Here, the Board has accepted and credited the testimony of those witnesses who testified that claimant was not singled out or harassed in the performance of his duties. That factual determination is within the sole and exclusive province of the Board and will not be disturbed by this court on appeal (see, Matter of Morgante v Southeastern Public Serv. Co., 98 AD2d 892). Furthermore, these witnesses provided the substantial evidence needed to support the Board's ultimate conclusion (see, Matter of Loh Lin v Burroughs Corp., 75 AD2d 702, lv denied 50 NY2d 805).

Decision affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.