In the Matter of the Claim of RICHARD LEVINE, Respondent, v UNITED PARCEL SERVICE et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Mahoney, P. J.

Claimant was employed as a driver/deliveryman for United Parcel Service when, on May 13, 1982, he suffered stress, mental depression and nervousness to the point of collapse. The Workers' Compensation Board found that such condition was caused by harassment and threats by claimant's supervisor and ruled that he suffered an accidental injury in the course of his employment. The employer and its carrier appeal.

It has been held that mental injury precipitated solely by psychic trauma is compensable as a matter of law where the circumstances constitute an "accident" within the meaning of the Workers' Compensation Law (Matter of Wolfe v Sibley, Lindsay & Curr Co., 36 NY2d 505; Matter of Haydel v Sears, Roebuck & Co., 106 AD2d 759). Here, the evidence produced at the hearing indicated that claimant had a preexisting anxiety state. The only disputed issues were the actual events of May 13, 1982 and the medical question of whether the events of that day caused claimant's condition.

Claimant and his supervisor were the only witnesses to the

May 13, 1982 incident. Each gave a different account of the details of the events. Resolution of issues of credibility of witnesses is solely a matter for the Board *(see, Matter of Hawthorne v Peartrees, Inc.,* 56 AD2d 961, *affd* 43 NY2d 683). Claimant's version of the incident supports the Board's finding of harassment and the Board was free to credit his testimony over that of the supervisor.

Further, claimant's psychiatrist testified that the May 13, 1982 incident acting in concert with claimant's preexisting anxiety state caused the posttraumatic stress disorder. While the carrier's medical expert opined to the contrary, it is for the Board to weigh offered medical evidence *(see, Matter of Murtagh v St. Theresa's Nursing Home,* 84 AD2d 587).

In conclusion, while there was conflicting evidence offered by claimant and the carrier, the Board was free to accept claimant's proof on the disputed issues. Such proof provided substantial evidence to support the Board's decision.

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Weiss, Mikoll and Levine, JJ., concur.