■ In the Matter of the Claim of KENNETH W. PATNODE, Appellant, v ROME DEVELOPMENTAL CENTER et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Weiss, J. Appeal from a decision of the Workers' Compensation Board, filed April 18, 1988.

Claimant was a 13-year employee with Rome Developmental Center working as a mental hygiene therapy aide. On March 30, 1985 and again on June 24, 1985 he experienced attacks of high blood pressure and anxiety, and has not since returned to work. In January 1986 claimant filed a claim for workers' compensation benefits, alleging that the described episodes emanated from an October 1983 patient abuse investigation in which he was charged with withholding information. During the investigation, claimant was questioned by the employer's personnel director, Anthony Le Bate. While claimant testified that Le Bate interrogated him for some 30 hours, Le Bate described the interview as lasting "less than an hour". The matter was resolved by stipulation; claimant received a 30-day suspension and returned to work in December 1983. Claimant maintains that this experience precipitated a posttraumatic neurosis and high blood pressure that have effectively incapacitated him from continuing in his work.

Claimant's treating psychiatrist, Dr. Louis Patrizio, withdrew an initial diagnosis of posttraumatic stress, assessed an adjustment disorder of "mixed emotional features" and attributed this condition, in part, to claimant's experiences during the 1983 investigation. The consulting psychiatrist of the employer's workers' compensation carrier, Dr. Jonathan Ecker, did not reach a conclusive diagnosis. He discerned "element[s] of anxiety and depression" but found it difficult to connect this condition with the past investigation. Ecker further reported that he did not believe claimant's work "caused his disability". The Workers' Compensation Law Judge concluded that claimant established a causally related occupational disease. The Workers' Compensation Board reversed this decision, finding, with specific reference to the testimony of Le Bate and Ecker, "that claimant did not sustain an accident or occupational disease within the meaning of the Workers' Compensation Law". Claimant has appealed.*

We affirm. At the outset, we emphasize that an employment-related psychological disorder does not, ipso facto, qualify as an occupational disease for compensation purposes (see, Matter of Hennige v Fairview Fire Dist., 99 AD2d 158, 159). To so qualify, the mental disorder must be attributable to a cause

---

* We note that the Board also reversed the Workers' Compensation Law Judge's assessment of a $100 penalty against the carrier for failing to produce Ecker at the January 15, 1987 hearing. The issue, however, has not been briefed on this appeal and need not detain us (see, Matter of Medicon Diagnostic Labs. v Perales, 145 AD2d 167, 170).

inherent in the work and "the injured employee must not be idiopathic" *(supra)*. Where generally related to employment, the condition is more accurately characterized as accidental *(supra)*. This court has recently observed that employment-induced psychological injury "need not be caused by a discrete, identifiable psychic trauma" to qualify as accidental *(Matter of Rackley v County of Rensselaer,* 141 AD2d 232, 233). Similarly, a finding of psychic accident is not precluded by a claimant's "peculiar vulnerability" *(supra,* at 234; *see, e.g., Matter of Cerami v Rochester City School Dist.,* 148 AD2d 807).

Here, claimant failed to qualify his condition as a disease for compensation purposes. Patrizio pointedly acknowledged that there was nothing about claimant's employment that would naturally contribute to his neurosis. The question remains whether claimant's work experience was accidental in nature. The conflicting versions of the 1983 Le Bate interrogation simply presented a credibility issue for the Board to resolve *(see, Matter of Levine v United Parcel Serv.,* 124 AD2d 381, 382). Similarly, the Board was authorized to weigh the medical testimony presented and draw the appropriate inferences *(see, Matter of Rackley v County of Rensselaer, supra,* at 234; *Matter of Levine v United Parcel Serv., supra)*. In so doing, the Board could readily infer from Ecker's testimony that claimant's mental disorder was neither precipitated by the patient abuse investigation nor a consequence of his overall work experience, a conclusion buttressed by the extensive time gap between the investigation and the first anxiety attack. The Board's decision finds ample evidentiary support in the record and warrants our affirmance *(see, Matter of Loh Lin v Burroughs Corp.,* 75 AD2d 702, 703, *lv denied* 50 NY2d 805; *Matter of Alves v Hamilton, Fulton & Montgomery Counties BOCES,* 117 AD2d 839, *lv denied* 68 NY2d 601, *cert denied* 479 US 935).

Decision affirmed, without costs. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.