■ In the Matter of the Claim of ROSE WOOD, Respondent, v LAIDLAW TRANSIT, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Kane, J. Appeal from a decision of the Workers' Compensation Board, filed April 18, 1988, which ruled that claimant sustained a compensable injury and awarded workers' compensation benefits.

In the course of her duties as a school bus driver on the morning of April 29, 1986, claimant came upon the scene of a rather gruesome automobile accident in which two young children, known to her, died. She remained at the scene until she heard the ambulance arriving, then left quickly since she did not want any of her school children passengers to observe the victims of the accident, one of whom had her head hanging out of a car window. Thereafter, claimant began to develop symptoms of a psychological nature culminating with an episode on June 12, 1986, when she had a near-miss accident with another automobile while driving a busload of kindergarten children. This incident resulted in her hospitalization and treatment for what was diagnosed as a posttraumatic stress disorder which made it impossible for her to return to work as a school bus driver. The Workers' Compensation Board found that claimant sustained a stress attack from witnessing the accident of April 29, 1986 and awarded benefits. This appeal by the employer ensued.

We agree with the Board's implicit finding that claimant's disability arose out of and in the course of her employment. However, we cannot accept a finding that such a disability is the result of an accident within the meaning of the Workers' Compensation Law because she was not "an active participant in the tragedy" but one uninvolved in any manner until she came upon the scene (Matter of Wolfe v Sibley, Lindsay & Curr Co., 36 NY2d 505, 511). Considering "the record before us in light of the commonsense viewpoint of the average man" (supra, at 511) we conclude that the factual pattern in this case fits more comfortably with circumstances described in Matter of Everett v A. S. Steel Rule Die Corp. (106 AD2d 181, affd 66 NY2d 683) than those set forth in Matter of Wolfe v Sibley, Lindsay & Curr Co. (supra). Accordingly, we must reverse the Board's decision and dismiss the claim.

Decision reversed, with costs against the Workers' Compensation Board, and claim dismissed. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.