■ In the Matter of the Claim of Louis BEAMES, Respondent, v WARREN COUNTY SHERIFF'S DEPARTMENT et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Harvey, J. Appeal from a decision of the Workers' Compensation Board,

filed October 2, 1990, which, *inter alia,* ruled that claimant sustained an accidental injury in the course of his employment.

Claimant began work as a correction officer for the Warren County Sheriff's Department in April 1983. Although it appears that claimant had longstanding problems with alcohol abuse, depression and marital difficulties, these problems apparently did not affect his ability to perform his job. Approximately a year after claimant began this employment, his eldest son was incarcerated at the jail where he worked. The son, then 16 years old, was held in the facility for four months in 1984 and eight months in 1985. Although claimant's son was released in the summer of 1985, he was rearrested and briefly incarcerated in October of that year. This situation, along with the constant fear of future imprisonment for his son, apparently caused great stress to claimant, who was subject to constant harassment and taunting about his son from both inmates and fellow correction officers. The problem came to a head on January 28, 1986 when claimant ultimately lost control and had a physical confrontation with an inmate who had allegedly threatened to sodomize claimant's son. As a result of this incident claimant was fired.

Claimant thereafter filed a claim for workers' compensation benefits and also sought psychiatric counseling. Following a hearing at which conflicting psychiatric testimony was presented, the Workers' Compensation Law Judge found accident, notice and causal relationship for alcoholism and depression. The Workers' Compensation Board modified that determination, however, and found that claimant's altercation with the inmate, superimposed upon his preexisting condition, resulted in an adjustment disorder with anxiety and depression, thereby disabling him. This appeal followed.

There must be an affirmance. At the hearing, Sumner Goodman, a psychiatrist who treated claimant at the Veteran's Administration Hospital in the City of Albany, testified that claimant suffered from a disabling adjustment disorder that developed because claimant was angry, depressed and guilt-ridden about being his son's jailer. Although Goodman was well aware of claimant's history of alcohol abuse and marital problems, he testified that he did not feel that either of these situations was the primary cause of claimant's disability. Instead, he opined that the pressure from his son's incarceration provided the final stress from which claimant could not recover, given his alcoholism and tendency to depression. Another psychiatrist who treated claimant, Kook Elan Jung,

testified that being his son's jailer contributed to claimant's depression and drinking. Jung also noted that previous to this situation arising claimant had managed to function adequately despite his other problems.

In our view, this testimony constitutes substantial evidence to support the Board's finding that claimant's disability was causally related to an accident arising out of and in the course of his employment *(see, Matter of Tobin v Steisel,* 64 NY2d 254; *Matter of Kaliski v Fairchild Republic Co.,* 151 AD2d 867, *affd* 76 NY2d 1002). Although we recognize that the employer's consultant opined that claimant's disability was actually the result of his alcoholism and longstanding personality disorder, the Board was free to reject this testimony and find in claimant's favor *(see, Matter of Levine v United Parcel Serv.,* 124 AD2d 381, 382).

Mikoll, J. P., Yesawich Jr., Crew III and Mahoney, JJ., concur. Ordered that the decision is affirmed, without costs.