In the Matter of the Claim of JANE FERBER, Appellant, v NEW YORK DEPARTMENT OF CORRECTIONS, ADIRONDACK CORRECTIONAL FACILITY, et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [632 NYS2d 685] —White, J. Appeal from a decision of the Workers' Compensation Board, filed February 15, 1994, which ruled that claimant did not file a timely claim and denied her claim for workers' compensation benefits.

On October 24, 1975, claimant, a correction officer, was involved in a serious prison disturbance while she was working for an agency that was later added to the State Department of Correctional Services (hereinafter DOCS). On that date, claimant was taken hostage by inmates of the facility and held for over 15 hours; although threatened by her captors, she was not physically harmed. She sought no medical or psychiatric help after this incident and continued to be employed by DOCS at various correctional facilities. Claimant was not disabled from work between 1975 and 1991, nor did she seek treatment for any disability arising out of the 1975 incident during this period.

Thereafter, on April 9, 1991, claimant voluntarily entered an in-patient treatment center for what she believed to be a severe eating disorder. During her treatment, however, she came under the care of a psychiatrist who diagnosed her as suffering from work-related posttraumatic stress disorder stemming from the October 1975 incident. Claimant notified her employer of this diagnosis, the employer filed a C-2 form and the State Insurance Fund controverted the claim. The Workers' Compensation Board found that the claim was time barred and, alternatively, without merit. This appeal followed.

We affirm. Although claimant vigorously disputes the Board's finding of untimeliness, we need not reach this issue since we conclude that substantial evidence supports the Board's determination that there was insufficient, credible medical evidence of a compensable, causal nexus between the incident of October 1975 and claimant's disablement in April 1991, some 16 years later. It is beyond dispute that the Board is the ultimate judge of witness credibility and it may reject all or any portion of the medical evidence offered (see, Matter of Wood v Leaseway Transp. Corp., 195 AD2d 622). Here, the car-

rier's psychiatrist, who also noted several nonwork-related stresses in claimant's life, diagnosed claimant as suffering from depression, opining that the October 1975 incident was not the probable cause of this condition (*see, Matter of Kriete v Port Auth.*, 208 AD2d 1075). Although claimant's treating psychiatrist disagreed with this diagnosis and argued the validity of claimant's assertion of work-related posttraumatic stress disorder, he also admitted that it was "surprising" such an extensive gap occurred between the incident and the disablement with no apparent effect on her work performance (*cf., Matter of Patnode v Rome Dev. Ctr.*, 150 AD2d 868). The conflicting medical evidence merely created a factual issue for the Board's determination, and we conclude that the Board's findings are sufficiently supported by the record (*see, Matter of Boyce v Michelangelo Gen. Contrs.*, 195 AD2d 768; *Matter of Baker v Three Vil. Cent. School Dist.*, 154 AD2d 828).

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.