■ In the Matter of the Claim of JOHN L. TROY, JR., Appellant, v PRUDENTIAL INSURANCE COMPANY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [649 NYS2d 746] —Appeal from a decision of the Workers' Compensation Board, filed October 21, 1994, which ruled that claimant did not sustain a causally related disability and denied his claim for workers' compensation benefits.

Claimant was employed as an insurance agent from 1983 until October 1990 when, at age 64, he resigned from his position, stating that depression and anxiety caused by job-related stress had rendered him incapable of working. The Board determined, however, that claimant was not eligible for workers' compensation benefits because his disabling mental condition was not employment related.

For a claim arising out of employment-related stress to be viable, the stress must be greater than that which usually occurs in the normal work environment (see, Matter of La Mendola v Butler, 179 AD2d 862). Testimony at the hearing given by claimant, three physicians, the employer's regional manager and its sales manager was conflicting as to whether claimant's disabling depression and anxiety were caused by claimant's

personal circumstances, including his nonwork-related physical illnesses, combined with a normal amount of stress at work resulting from the sluggish economy, or whether his emotional problems were the direct result of unusually intense stress in the work place caused by supervisors who continually pressured claimant to be more productive and co-workers who encroached on claimant's customers in an attempt to steal their business.

Issues of causation constitute factual questions for resolution by the Board which has the authority to reject all or any portion of the medical evidence offered (see, Matter of Ferber v New York Dept. of Corrections, 220 AD2d 915). Based upon the record before us, we conclude that substantial evidence supports the Board's determination that claimant's disability was not sustained in the course of his employment, where the stress level was no higher than that occurring in most business environments, with the result that he was ineligible for workers' compensation benefits (see, Matter of Block v Stroheim & Romann, 203 AD2d 833, 834, lv denied 84 NY2d 804).

Crew III, J. P., White, Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.