◼ In the Matter of the Claim of JAMES C. MARILLO, Respondent, v CANTALICIAN CENTER FOR LEARNING et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [693 NYS2d 687] —Graffeo, J. Appeal from a decision of the Workers' Compensation Board, filed February 6, 1998, which ruled that claimant sustained a compensable injury and awarded workers' compensation benefits.

Claimant was employed by the Cantalician Center for Learning (hereinafter the Center) as the Assistant to the Executive Director from March 1982 until March 1990. Operated by the Felician Sisters and sponsored by the Diocese of Buffalo, the Center is a not-for-profit service agency designed to provide education services to individuals with developmental disabilities. Over the years claimant gradually assumed more administrative responsibilities due to the advanced age and declining health of the former Executive Director. Eventually, in early 1990, a Co-Executive Director was appointed who

became the Center's new Executive Director on March 5, 1990. A week later claimant stopped working and shortly thereafter he filed a claim for workers' compensation benefits contending that the undue emotional stress associated with his work responsibilities had resulted in a mentally disabling injury which constituted a compensable work-related "accident". His position of Assistant to the Executive Director was eliminated on April 3, 1990.

Following a hearing, the Workers' Compensation Law Judge (hereinafter WCLJ) determined that claimant had sustained a compensable injury due to work-related stress. The Workers' Compensation Board panel ruled that claimant's "accidental injury" was sustained on March 13, 1990, triggered by events culminating in a contentious meeting of the Center's Board of Directors. The full Board, however, remitted the claim to the WCLJ for further development of the issues and after further testimony, the WCLJ reinstated his previous determination. The Board affirmed, finding that claimant's psychiatric problems were caused by work-related stress which "constitute[d] an accidental injury arising out of and in the course of employment". The Center and its third-party administrator now appeal.

In order to constitute a viable claim premised on work-related stress, "the stress must be greater than that which usually occurs in the normal work environment" (*Matter of Troy v Prudential Ins. Co.*, 233 AD2d 635; *see, Matter of Leggio v Suffolk County Police Dept.*, 245 AD2d 897, 898-899; *Matter of La Mendola v Butler*, 179 AD2d 862; *Matter of Kaliski v Fairchild Republic Co.*, 151 AD2d 867, 868, *affd* 76 NY2d 1002). The Board in this case specifically found that claimant was subjected to "undue work-related stress" based on testimony that claimant's involvement in the expansion of the Center caused an extremely tense situation as financial difficulties mounted. Testimony further revealed that claimant had an acrimonious relationship with his superiors regarding the Center's operations which caused him to be depressed and anxious. Claimant also explained that he had been very troubled by the deaths of two children in the Center's care in 1988 and 1989. Because the determination of whether claimant experienced greater than normal work-related stress was a factual issue for the Board to resolve (*see, Matter of Leggio v Suffolk County Police Dept., supra,* at 899; *Matter of La Mendola v Butler, supra,* at 862), we find no reason to disturb the Board's decision which was supported by substantial evidence (*see, Matter of Kaliski v Fairchild Republic Co., supra,* at 868).

Additionally, the Board's finding that claimant's medical condition was caused by a work-related accident was substantiated by adequate opinion evidence (*see, Matter of Paeth v Hawk Frame & Axle*, 228 AD2d 746; *Matter of Guzman v Display Creation*, 202 AD2d 709; *compare, Matter of Doersam v Oswego County Dept. of Social Servs.*, 171 AD2d 934, 935, *affd* 80 NY2d 775). Claimant began seeking psychiatric treatment for panic attacks in 1989, prior to the appointment of the new Executive Director. His treating psychiatrists testified that he was suffering from extreme anxiety and experienced difficulty dealing with the administration at the Center. Along with panic attacks, the psychiatrists related that he was consumed with morbid thoughts and a preoccupation with death. A review of the record reveals that the Board credited and accepted the testimony of claimant's psychiatrists in attributing claimant's psychiatric condition as causally related to his employment. We conclude that these expert witnesses provided a substantial evidentiary basis to support the Board's determination which was a factual issue "within the sole and exclusive province of the Board" (*Matter of Alves v Hamilton, Fulton & Montgomery Counties BOCES*, 117 AD2d 839, 840, *lv denied* 68 NY2d 601, *cert denied* 479 US 935; *see, Matter of Friedman v NBC Inc.*, 178 AD2d 774, 775).

Mikoll, J. P., Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.