■ In the Matter of WILLIAM WACHTLER, Appellant, v AT&T et al., Respondents. WORKERS' COMPENSATION BOARD, Respon-

dent. [728 NYS2d 273] —Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed November 23, 1999, which ruled that claimant did not sustain an accident arising out of and in the course of his employment.

Claimant, an office worker, transferred to his employer's high-rise global network center in August 1992. The office where claimant worked consisted of one room with five rows of desks and two cubicles, one of which claimant occupied. A lunch room was located adjacent to this office space and a smoking room was adjacent to the lunch room. Smoking also took place in private offices adjacent to the office space. On average, claimant could smell smoke at his cubicle once or twice a day. In April 1993, claimant developed a sinus infection and in August 1993 developed pneumonia. Thereafter, claimant had a steady progression of respiratory and breathing problems, including asthma, and ultimately retired in June 1995. In November 1995, claimant filed a claim for workers' compensation benefits alleging that people smoking in his work environment affected him with sinus and breathing difficulties.

After a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) determined that claimant suffered a work-related injury, i.e., asthma, and continued the case. The employer appealed to the Workers' Compensation Board. Crediting the employer's physician, who concluded that claimant's asthma was not causally related to his work environment, the Board reversed the WCLJ's decision and determined that claimant did not sustain an accident arising out of and in the course of his employment. Claimant now appeals.

The Board's determination that a claimant's injury did not arise from a work-related accident will be upheld if supported by substantial evidence (*see, Matter of Gates v McBride Transp.*, 60 NY2d 670). Although the Board is entitled to wide latitude when determining whether a claimant has suffered an accidental injury (*see, Ochsner v New Venture Gear*, 273 AD2d 715, 716, *appeal dismissed* 96 NY2d 731), the injury need not be from a single catastrophic event "but may accrue gradually over a reasonably definite period of time" (*Johannesen v New York City Dept. of Hous. Preservation & Dev.*, 84 NY2d 129, 136). Further, an injury that relates to a preexisting condition will not prevent relief where the claimant's employment exacerbates the condition "in such a manner as to cause a disability which did not previously exist" (*Perez v Pearl-Wick Corp.*, 56 AD2d 239, 241; *see, Ochsner v New Venture Gear*, *supra*, at 716).

In this matter, the Board determined that claimant's asthma

was not caused by his work environment and, as such, claimant did not suffer an accident in the course of his employment. When making this determination, the Board was free to credit the testimony of the employer's physician over that of claimant's physician (*see, Matter of Ceselka v Kingsborough Community Coll.*, 281 AD2d 842, 843). Claimant contends, however, that the Board did not separately address the aggravation of his asthma by the smoke in his working environment. We disagree. Causation and aggravation were both addressed in the Board's decision. Again, the Board was free to credit the testimony of the employer's physician that exposure to cigarette smoke would cause only a temporary exacerbation of symptoms, with no long-term effect. There is substantial evidence in this record to support the Board's decision.

Mercure, J. P., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.