■ In the Matter of the Claim of ANNE LEGGIO, Appellant, v SUFFOLK COUNTY POLICE DEPARTMENT, Respondent; WORKERS'

COMPENSATION BOARD, Respondent. [733 NYS2d 656] —Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed February 5, 1996, which, *inter alia*, ruled that claimant did not sustain an accidental injury in the course of her employment and denied her claim for workers' compensation benefits.

When this matter was last before us, a majority of this Court reversed a decision of the Workers' Compensation Board ruling that claimant, a 911 operator, had not sustained an accidental injury in the course of her employment and denying her claim for workers' compensation benefits (245 AD2d 897). Two Justices dissented and, upon the employer's further appeal, the Court of Appeals reversed, finding that the Board's decision denying benefits was supported by substantial evidence in the record as a whole and was, therefore, binding upon us (96 NY2d 846). The Court of Appeals then remitted this matter to us for consideration of the remaining issues raised on the prior appeal but not addressed by the majority, including the issue of whether claimant had sustained an occupational disease.

In order for a mental or psychiatric disorder to qualify as an occupational disease within the meaning of Workers' Compensation Law § 3 (2), two conditions must be met. "First, the causative factor, to the exclusion of all other agents, must be natural to and inhere in the job. Second, the injured employee must not be idiopathic, i.e., singularly vulnerable to the hazard that is a concomitant of the work in question" (*Matter of Hennige v Fairview Fire Dist.*, 99 AD2d 158, 159; *see, Matter of Patnode v Rome Dev. Ctr.*, 150 AD2d 868, 869-870). Claimant concedes in her brief that she cannot be deemed to have sustained an occupational disease "since her Multiple Sclerosis played a factor * * * in causing her mental disability." To the extent that claimant asserts that *Hennige* discriminates against claimants with a preexisting physical or mental disability and, hence, effectuates a result that is incompatible with the remedial principles underlying the Workers' Compensation Law, we are not so persuaded. Claimant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.