■ In the Matter of the Claim of KATHLEEN A. CURLEY, Appellant, v ALLSTATE INSURANCE COMPANY, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [768 NYS2d 400]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed December 10, 2001, which ruled that claimant did not sustain an accidental injury in the course of her employment and denied her claim for workers' compensation benefits.

Claimant filed a claim for workers' compensation benefits alleging that she sustained a psychiatric disability as a result of sexual harassment by a female coworker. The hearing testimony established that claimant and the coworker had a longstanding clash of personalities, claimant brought the problem to the employer's attention in June 1996 and the employer attempted to deal with it as a personality conflict from June until August 1996. The employer's witnesses disputed claimant's testimony that she had informed the employer that the coworker's conduct was sexually harassing, and the documentary evidence indicated that claimant did not file a disability claim alleging sexual harassment until December 1996. Resolving the conflicting testimonies against claimant, the Workers' Compensation Board found no sexual harassment had occurred and the credible evidence established that claimant was not subjected to stress at her work beyond what is routinely encountered in a normal work environment. Claimant now appeals.

We will not disturb the Board's determination of whether a worker's injury arose from a work-related accident if there is substantial evidence to support it (*see e.g. Matter of Wachtler v AT&T*, 285 AD2d 767, 768 [2001]; *Matter of Marshall v Elf Atochem N. Am.*, 285 AD2d 933, 934 [2001]). In order to establish a claim for accidental injury caused by work-related stress, "the stress must be greater than that which usually occurs in the normal work environment" (*Matter of Troy v Prudential Ins. Co.*, 233 AD2d 635, 635 [1996]; *see Matter of Ford v Unity House of Troy*, 292 AD2d 717, 718 [2002], *lv denied* 98 NY2d 610 [2002]; *Matter of Charlotten v New York State Police*, 286 AD2d 849, 849 [2001]). Whether the stress experienced by claimant here was more than normally encountered in a similar work environment presented a factual issue for the Board to decide (*see Matter of Ford v Unity House of Troy, supra* at 718). Although the report of claimant's treating psychologist diagnosed a work-related psychiatric injury, it offers no objective evidence that sexual harassment occurred as claimant alleged. In these circumstances, and given the evidence that claimant had experienced only the usual type of interpersonal irritation to which all employees are occasionally exposed and not sexual harassment, the Board's decision will not be disturbed.

Crew III, J.P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.