In the Matter of the Claim of MARY JO POTTER, Respondent, v CURTIS LUMBER COMPANY, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [782 NYS2d 170]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed November 5, 2002, which ruled that the death of claimant's decedent arose out of and in the course of his employment and awarded claimant workers' compensation death benefits.

Claimant's decedent had been employed for 13 years by Curtis Lumber Company, Inc. In 1992, he was promoted to the position of marketing design manager but, citing increasing stress over his difficulty in handling the criticisms and conflicting directions issued by his supervisors, he accepted a position as a truck driver in 1998. In February 1999, he committed suicide at his

home. Following a hearing, claimant's application for workers' compensation death benefits was granted by the Workers' Compensation Law Judge, who found that decedent's suicide had been precipitated by a depressive illness that was in turn causally related to severe stress he had encountered at his workplace. The Workers' Compensation Board affirmed, prompting this appeal by Curtis Lumber and its workers' compensation carrier (hereinafter collectively referred to as the carrier).

We affirm. It is well established that workers' compensation death benefits may be awarded to a claimant who meets his or her burden of proving that the decedent had suffered a work-related pattern of mental deterioration that culminated in suicide (*see Matter of Aherin v County of Onondaga*, 307 AD2d 393, 394 [2003], *lv denied* 1 NY3d 501 [2003]; *Matter of Friedman v NBC, Inc.*, 178 AD2d 774, 774 [1991]). In order for such a claim to be premised solely on work-related stress, "the stress must be greater than that which usually occurs in the normal work environment," a factual determination that the Board must make and which will not be disturbed if supported by substantial evidence (*Matter of Troy v Prudential Ins. Co.*, 233 AD2d 635, 635-636 [1996]; *see Matter of Curley v Allstate Ins. Co.*, 2 AD3d 995, 996 [2003]; *Keane v New York State Elec. & Gas Co.*, 272 AD2d 802, 803-804 [2000]).

We conclude that the testimony of board-certified psychiatrist Lawrence White causally relating decedent's suicide to abnormal work-related stress constitutes substantial evidence supporting the Board's decision, notwithstanding the contrary opinion offered by the carrier's medical expert, which the Board was entitled to weigh and reject in favor of White's sufficiently founded conclusions (*see Matter of Marillo v Cantalician Ctr. for Learning*, 263 AD2d 719, 721 [1999]; *Matter of Friedman v NBC, Inc., supra* at 775-776; *Matter of McCarville v Williams, Stevens, McCarville & Frizzell*, 84 AD2d 639 [1981], *lv denied* 56 NY2d 502 [1982]). We further reject the carrier's claim that the Board failed to consider its defense, premised on Workers' Compensation Law § 2 (7), that decedent's suicide had been the direct consequence of several lawful personnel decisions undertaken by Curtis Lumber, including his reassignment to truck-driving duties. It is evident that the Board, in considering the evidence that decedent began exhibiting a pattern of mental deterioration long before these decisions were made, implicitly entertained and rejected this defense (*see Matter of Brickner v New York State Dept. of Transp.*, 284 AD2d 829, 830 [2001], *lv denied* 98 NY2d 601 [2002]; *Matter of DePaoli v Great A & P Tea Co.*,

257 AD2d 912 [1999], *affd* 94 NY2d 377 [2000]). We have considered the carrier's remaining contentions, including its claim that the Board improperly adopted the findings of the Workers' Compensation Law Judge without conducting its own independent review, and find them to be unpersuasive (*see Matter of Floyd v Millard Fillmore Hosp.*, 299 AD2d 610, 612 [2002]; *Matter of Maliszewska v Dupuy*, 289 AD2d 683, 684 [2001]).

Mercure, J.P., Crew III, Spain and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.