■ In the Matter of the Claim of DONNA VEEDER, as Widow of GARY L. VEEDER, Deceased, Appellant, v NEW YORK STATE POLICE DEPARTMENT et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [959 NYS2d 294]—

Peters, P.J. Appeal from a decision of the Workers' Compensation Board, filed December 2, 2011, which ruled that decedent's death did not arise out of and in the course of his employment and denied claimant's application for workers' compensation death benefits.

The underlying facts are set out more fully in our prior decision in this matter (86 AD3d 762 [2011]). Briefly, decedent became depressed and committed suicide shortly after the employer began investigating inconsistencies in fiber proficiency tests performed by him. Claimant, his wife, submitted an application for workers' compensation death benefits, which the Workers' Compensation Board denied upon the ground that the employer's actions were taken in good faith and stemmed from "a lawful personnel decision involving a disciplinary action" (Workers' Compensation Law § 2 [7]). We found the Board's denial to be unsupported by substantial evidence in the record, but remitted the matter so that it could assess whether the employer's actions constituted a work evaluation for purposes of Workers' Compensation Law § 2 (7) or if decedent was only exposed to normal workplace levels of stress (86 AD3d at 764). The Board found both to be the case and again rejected claimant's application, prompting her appeal.

We affirm. While a psychiatrist causally linked decedent's sui-

cide to workplace stress, he had no firsthand knowledge of the investigation and did not opine that it caused abnormal levels of stress. Indeed, numerous individuals involved in investigating the testing irregularities testified that they followed standard procedure in doing so, and that their interactions with decedent were uniformly collegial and cordial. The Board was free to credit that testimony and determine that the stress created by the investigation was not "greater than that which other similarly situated workers experienced in the normal work environment" as required and, thus, reject claimant's application (*Matter of Spencer v Time Warner Cable*, 278 AD2d 622, 623 [2000], *lv denied* 96 NY2d 706 [2001]; *see Matter of Grace v Bronx Mun. Hosp. Ctr., City of N.Y. Health & Hosps. Corp.*, 272 AD2d 799, 800 [2000]; *cf. Matter of Potter v Curtis Lbr. Co., Inc.*, 10 AD3d 819, 820 [2004]).

In light of the foregoing, we need not assess whether substantial evidence similarly supports the Board's determination regarding the applicability of Workers' Compensation Law § 2 (7).

Lahtinen, Garry and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.