Stein, J.
Appeal from a decision of the Workers’ Compensation Board, filed March 15, 2013, which ruled that claimant sustained an accidental injury arising out of and in the course of her employment.
Claimant, a cardiothoracic physician’s assistant, was threatened with physical violence by a surgeon during an hours-long procedure in the operating room. The physician’s supervisor then removed claimant from work for her safety until the physician began attending an intensive psychiatric counseling program. Claimant sought psychiatric treatment shortly thereafter and filed a claim for posttraumatic stress and adjustment disorder. Following a hearing, the Workers’ Compensation Board concluded that claimant had sustained a compensable injury due to work-related stress. The employer and its workers’ compensation carrier (hereinafter collectively referred to as the employer) appeal, and we affirm.
“For a mental injury premised on work-related stress to be compensable, the stress must be greater than that which usually occurs in the normal work environment . . . [, which is] a factual question for the Board to resolve” (Matter of Cook v East Greenbush Police Dept., 114 AD3d 1005, 1005-1006 [2014] [internal quotation marks and citations omitted], lv denied 23 NY3d 904 [June 10, 2014]; see Matter of Brittain v New York State Ins. Dept., 107 AD3d 1340, 1341-1342 [2013]). Here, the employer argues that the surgeon’s verbal threat could not give rise to a compensable stress claim, noting mitigating factors such as the presence of others in the operating room and claimant’s familiarity with the surgeon’s “difficult” personality. However, in adopting the findings of the Workers’ Compensation Law Judge, the Board determined that claimant’s uncontroverted psychiatric diagnoses were caused by the incident, and that, under the circumstances here, threats of physical violence made by her supervisor constituted greater stress than that which, normally occurs in similar work environments. Inasmuch as such determination is supported by substantial evidence and this Court cannot “reject the Board’s choice simply because a contrary determination would have been reasonable,” it must be upheld (Matter of Zamora v New York Neurologic Assoc., 19 NY3d 186, 193 [2012]; see Matter of Brittain v New York State Ins. Dept., 107 AD3d at 1341-1342; Matter of Marillo v Cantalician Ctr. for Learning, 263 AD2d 719, 720-721 [1999]).
The employer’s remaining argument — that the Board’s decision is inadequate to permit intelligent appellate review because *1052 the Board expressly adopted the findings of fact and conclusions of law of the Workers’ Compensation Law Judge, as opposed to detailing its own findings — has been considered and found to lack merit.
Lahtinen, J.P., Egan Jr., Devine and Clark, JJ., concur.
Ordered that the decision is affirmed, with costs to claimant.