Matter of Bond v New York City Health & Hosp. Corp. (2023 NY Slip Op 00898)

Matter of Bond v New York City Health & Hosp. Corp.

2023 NY Slip Op 00898

Decided on February 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 16, 2023

534559
[*1]In the Matter of the Claim of Tanya Bond, Appellant,
v
New York City Health & Hospital Corp. et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:January 10, 2023

Before:Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Fisher, JJ.

Schotter Millican, LLP, Brooklyn (Geoffrey Schotter of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York City (Michael Dearie of counsel), for New York City Health & Hospital Corp. and another, respondents.

Lynch, J.
Appeal from a decision of the Workers' Compensation Board, filed July 22, 2021, which ruled, among other things, that claimant did not sustain causally-related anxiety or an injury to her right shoulder and disallowed the claim to that extent.
In July 2020, claimant, a nurse employed in a psychiatric emergency room, filed a claim for workers' compensation benefits alleging that, in February 2020, she was punched in the head and assaulted by a patient, causing injuries to her right hand and the left part of her head, problems with memory and concentration, dizziness, depression and anxiety. Following an August 2020 hearing before a Workers' Compensation Law Judge (hereinafter WCLJ) during which claimant raised the right shoulder as an additional site of injury, the WCLJ, among other things, established the claim for the head as a skull injury and also directed, among other things, depositions of claimant's attending physician, attending neurologist and attending psychologist.[FN1] Following a November 2020 hearing, postconcussion syndrome and an injury to the neck were established as additional sites of injury,[FN2] and the claim was subsequently amended to also include posttraumatic stress disorder and major depressive disorder. Depositions ensued, as well as another hearing, after which the WCLJ found that claimant failed to establish that the alleged conditions of cephalgia, anxiety and an injury to her right shoulder were causally-related. The WCLJ also found, among other things, that claimant has an 80% ongoing partial disability based upon the credible opinion of claimant's attending physician. Upon administrative appeal, the Board modified the decision of the WCLJ by amending the claim to include cephalgia and otherwise affirmed. Claimant appeals, challenging the Board's findings that her condition of anxiety and injury to her right shoulder are not causally-related and that her temporary partial disability is 80% and not 100%.
"As a preliminary matter, to the extent that claimant asserts that she was entitled to the presumption of compensability set forth in Workers' Compensation Law § 21, such presumption does not entirely relieve a claimant from the burden of establishing that his or her injury [exists or that it] arose out of and in the course of the claimant's employment" (Matter of Petesic v Fox 5 N.Y., 174 AD3d 1198, 1199 [3d Dept 2019] [citations omitted]; see Matter of Issayou v Issayuou Inc., 174 AD3d 1277, 1277 [3d Dept 2019], lv denied 34 NY3d 909 [2020]). "Moreover, the statute is inapplicable 'inasmuch as the determination as to causal relationship, or the lack thereof, in this matter was not based upon the presumption contained therein but, instead, upon the medical evidence and testimony adduced as part of the underlying hearing' " (Matter of Petesic v Fox 5 New York, 174 AD3d at 1199, quoting Matter of Donato v Taconic Corr. Facility, 143 AD3d 1028, 1029 [3d Dept 2016]; see Matter of Devis v Mountain States Rosen LLC, 157 AD3d [*2]1148, 1149 [3d Dept 2018]).
With regard to the Board's findings that claimant did not sustain causally-related anxiety or right shoulder injury, " '[t]he Board is empowered to determine the factual issue of whether a causal relationship exists based upon the record, and its determination will not be disturbed when supported by substantial evidence' " (Matter of Blanch v Delta Air Lines, 204 AD3d 1203, 1204 [3d Dept 2022], quoting Matter of Park v Corizon Health Inc., 158 AD3d 970, 971 [3d Dept 2018], lv denied 31 NY3d 909 [2018]; see Matter of Johnson v Adams & Assoc., 140 AD3d 1552, 1553 [3d Dept 2016]). "In addition, as the party seeking benefits, claimant bears the burden of establishing, by competent medical evidence, a causal connection or relationship between her employment and the claimed disability" (Matter of Christensen-Mavrigiannakis v Nomura Sec. Intl., Inc., 175 AD3d 1748, 1752 [3d Dept 2019] [internal quotation marks, brackets and citations omitted]; see Matter of Richman v New York State Workers' Compensation Bd., 199 AD3d 1216, 1217 [3d Dept 2021]; Matter of Maldonado v Doria, Inc., 192 AD3d 1247, 1248 [3d Dept 2021]). As to claimant's request to amend her claim to include the at-issue conditions, "the Board is vested with the authority to resolve conflicting medical opinions and to draw reasonable inferences from record evidence" (Matter of Blanch v Delta Air Lines, 204 AD3d at 1205 [internal quotation marks and citations omitted]; see Matter of Schmerler v Longwood Sch. Dist., 163 AD3d 1373, 1374 [3d Dept 2018], lv denied 32 NY3d 910 [2018]).
Turning first to that portion of the claim alleging a right shoulder injury, the record reflects that, when claimant filed her claim in July 2020 — over five months after the incident at work — she did not allege a right shoulder injury. Moreover, when she was first examined by Vadim Abramov, a physician specializing in internal medicine, in February 2020, just a few weeks after the incident, claimant did not report a right shoulder injury, and no such impressions or diagnosis was made at that time. It was not until Abramov examined claimant again in June 2020 that claimant reported tenderness and a "pain [that] radiated to her right extremity," prompting Abramov to render a diagnosis of a right shoulder sprain. Elizabeth Ortof, a physician who examined claimant on behalf of the carrier, did not examine claimant's right shoulder but did testify that claimant reported "neck pain radiating to her right shoulder." Given the consistent reports of neck pain radiating to the right shoulder and the fact that no claim or diagnosis for a right shoulder injury was made until months after the incident, the Board's finding that claimant did not have a separate injury to her right shoulder was a reasonable inference from the medical evidence that was before it (see Matter of Blanch v Delta Air Lines, 204 AD3d at 1205), and we therefore find that substantial evidence supports its decision in this regard [*3](see Matter of Levin v Rensselaer Polytechnic Inst., 164 AD3d 1505, 1506 [3d Dept 2018]; Matter of Venditti v D'Annunzio & Sons, 128 AD3d 1303, 1304 [3d Dept 2015]; Matter of Jones v New York State Dept. of Correction, 35 AD3d 1025, 1025-1026 [3d Dept 2006]).
As to the Board's disallowance of that portion of the claim alleging anxiety, although Abramov's diagnostic impressions included posttraumatic anxiety, he conceded in his testimony that he is not qualified to make such a diagnosis and that he is not comfortable addressing claimant's psychiatric conditions, which should be deferred to a psychiatrist. To that end, Charles Edward Robins, a psychologist who conducted a clinical neuropsychological evaluation of claimant in June 2020, did not include anxiety in his diagnostic impressions. Similarly, Alain De La Chapelle, a board-certified psychiatrist who examined claimant and her medical records on behalf of the carrier, diagnosed claimant with causally-related posttraumatic stress disorder and major depression but found no evidence of causally-related anxiety disorder given that claimant is able to, from a psychiatric perspective, perform her usual daily activities and can return to work on a part-time basis to reduce stress. Although Christopher Burke, claimant's attending psychiatrist, diagnosed claimant with "anxiety disorder due to another medical condition" and found that claimant's anxiety was causally-related, Burke, as the Board found, did not discuss in his medical exam reports any of claimant's work-related injuries/conditions and from what medical condition claimant's anxiety arose. Given that the Board was entitled to resolve the conflicting medical opinions concerning claimant's anxiety (Matter of Blanch v Delta Air Lines, 204 AD3d at 1205), we find substantial evidence exists to support the Board's finding that the record contained insufficient competent medical evidence to establish that portion of the claim alleging causally-related anxiety (see Matter of De Salvo v Prudential Ins. Co. of Am., 248 AD2d 897, 898-899 [3d Dept 1998]; Matter of Alves v Hamilton, Fulton & Montgomery Counties BOCES, 117 AD2d 839, 840 [3d Dept 1986], lv denied 68 NY2d 601 [1986]; cf. Matter of Patnode v Rome Dev. Ctr., 150 AD2d 868, 870 [3d Dept 1989]).
Finally, regarding the Board's finding as to the degree of claimant's disability, Abramov opined that claimant is 100% disabled from her employment as a nurse and 80% disabled from employment overall. Abramov reasoned that, although claimant has various physical limitations and difficulty leaving the house, she is nonetheless able to perform sedentary work that does not require too much mental acuity. Although Peter Kwan, claimant's attending neurologist, opined that claimant suffers from a temporary total disability, the resolution of credibility issues is within the exclusive province of the Board, and its finding that claimant is 100% disabled from her employment as a nurse and 80% disabled from employment [*4]overall is supported by substantial evidence and will not be disturbed (see Matter of DiBenedetto v Rochester City Sch. Dist., 179 AD3d 1419, 1420 [3d Dept 2020]).
Garry, P.J., Aarons, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: The WCLJ also found prima facie medical evidence for the neck, a cerebral concussion, cephalgia, anxiety and depression and further found prima facie medical evidence for consequential posttraumatic stress disorder, major depressive disorder and postconcussion syndrome.
Footnote 2: Prima facie medical evidence was also found for the right shoulder; the employer and its workers' compensation carrier waived their right to obtain medical testimony and an independent medical examination on this issue.